Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety *v.* Jay J. Fullerton, Appellant.

Submitted on briefs, June 9, 1977, to Judges CRUM-LISH, JR., KRAMER and BLATT, sitting as a panel of three. Judge KRAMER did not participate in the decision.

*Matthew Verlich,* and *Stokes, Lurie & Tracey,* for appellant.

*John L. Heaton,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, September 15, 1977:

This is an appeal by Jay J. Fullerton (Fullerton) from a decision dated September 15, 1976, of the Court of Common Pleas of Allegheny County, sustaining the suspension of Fullerton's operator's license by the Commonwealth of Pennsylvania, Department of Transportation under Section 624.1(a) of the former Motor Vehicle Code (Code),[1] *formerly* 75 P.S. §624.1 (a), for refusing to submit to a breathalyzer test.

---

[1] Act of April 29, 1959, P.L. 58, *as amended.* Section 624.1 was added by Section 1 of the Act of July 28, 1961, P.L. 918, *as amended, formerly* 75 P.S. §624.1, repealed by the Act of June 17, 1976, P.L. 162. A similar provision is now found in The Vehicle Code, 75 Pa. C.S. §1547.

On January 6, 1976, at about 4:25 A.M., Fullerton while operating his vehicle in an erratic fashion on Route 19, Ross Township, Allegheny County, was stopped by two officers of that Township. The officers noted a strong odor of alcohol emanating from the defendant's person and also noted the presence of intoxicating beverages in Fullerton's automobile.

Defendant, upon his departure from the vehicle, was asked to take a finger-to-nose sobriety test, which he failed. The officers then placed Fullerton under arrest for driving while under the influence of intoxicating liquor and they then advised him of his constitutional rights. Fullerton was transported back to the police station where he was asked to take a breathalyzer or blood test. He assented to the former.

One of the arresting officers instructed Fullerton to blow into the breathalyzer machine and Fullerton complied. However, the machine was set on "analyze" and not on "test" and the machine, therefore, failed to record because of the incorrect setting. At this juncture there was a disparity in the testimony before the lower court as to what then occurred.

The police officer stated that after the "mistest" he explained to Fullerton that the machine had been placed on the wrong setting. The officer again requested Fullerton to blow into the machine after the officer had corrected the setting. Fullerton did not accede to the officer's second request. Fullerton denied this version of what had transpired. He claimed that he attempted to blow into the machine four or five times. Fullerton testified that he did not blow into the machine after the fourth or fifth attempt because the officers were laughing at him. He claimed that no one explained to him that the machine originally was placed on an improper setting. The lower court found that the testimony of the officers was credible and that

the testimony of Fullerton was not credible. Questions of credibility and the resolution of testimonial conflicts are for the lower court. *Campbell v. Department of Transportation,* 16 Pa. Commonwealth Ct. 9, 329 A.2d 867 (1974).

Appellant Fullerton contends that, even if the lower court believed the officer's testimony, he, Fullerton, had met the mandate of Section 624.1(a) by blowing into the breathalyzer on the first instance. He argues that the fact that the examination yielded no result was not his fault and that he had not refused to submit to the breathalyzer test. We do not agree with appellant's position.

Section 624.1(a) of the Code, 75 P.S. §624.1(a) formerly provided:

Any person who operates a motor vehicle or tractor in this Commonwealth, shall be deemed to have given his consent to a chemical test of his breath, for the purpose of determining the alcoholic content of his blood: Provided, That the test is administered by qualified personnel and with equipment approved by the secretary at the direction of a police officer having reasonable grounds to believe the person to have been driving while under the influence of intoxicating liquor. Qualified personnel means a physician or a police officer who has received training in the use of such equipment in a training program approved by the secretary. If any person is placed under arrest and charged with the operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so, the test shall not be given but the secretary may suspend his license or permit  to operate a motor vehicle or tractor

with or without a hearing. Any person whose license or permit to operate a motor vehicle or tractor is suspended under the provisions of this act shall have the same right of appeal as provided for in cases of suspension for other reasons.

This Court has previously held that the Legislature in Section 624.1(a) requires that the breathalyzer test must be administered at the direction of a police officer having reasonable grounds to believe the person to have been driving while under the influence of intoxicating liquor. *Commonwealth v. Miles,* 8 Pa. Commonwealth Ct. 544, 551, 304 A.2d 704, 708 (1973). If these "reasonable grounds" exist then we must look to four additional requirements to determine if the Secretary [pursuant to §624.1(a) of the Code] properly suspended the person's operator's license.

The Commonwealth must prove that (1) the defendant was placed under arrest and (2) he was charged with the operation of a motor vehicle while under the influence of intoxicating liquor and (3) he was requested to submit to a breathalyzer test and (4) he refused to comply with the request. *Commonwealth v. Miles, supra; Bureau of Traffic Safety v. Drugotch,* 9 Pa. Commonwealth Ct. 460, 308 A.2d 183 (1973).

In the instant case the "reasonable grounds" mandate imposed by the Legislature and the first three requirements enunciated in *Miles, supra,* have clearly been met by the Commonwealth in the lower court.

Our last concern is whether or not the lower court correctly concluded that Fullerton "refused" to take the breathalyzer test when Section 624.1(a) was applicable.

When the police officer in this case realized that the breathalyzer machine was not properly set he corrected the setting. When he asked Fullerton to blow

into the machine on the second occasion Fullerton withheld his assent.

This Court interpreted Section 624.1(a) in the following manner:

> [*I*]*t is sensible to construe the statute to mean that anything substantially short of an unqualified unequivocal assent to an officer's request that the arrested motorist take the test constitutes a refusal to do so. . . .* (emphasis in original).

*Department of Transportation v. Cannon,* 4 Pa. Commonwealth Ct. 119, 124, 286 A.2d 24, 26 (1972).
Here, the officer explained why the machine did not function properly and requested Fullerton to blow into the machine a second time. We believe the lower court was correct in its conclusion that Fullerton's action in failing to assent to the second request was in fact a refusal to submit to the breathalyzer. There was an explanation given to Fullerton as to why the machine did not record and this problem was rectified. To err is human and we hold that Fullerton could not avail himself of this mistake and unreasonably withhold his assent to blow into the machine on the second occasion without his action being construed as refusing to take the test. Certainly no prejudice or harm would have befallen Fullerton had he blown into the machine on the second occasion. An unqualified and unequivocal assent is required by the Act.

In reality Fullerton never did take the first test because the machine could not have functioned. There never was a test result in this case. This is not an instance where the test result was negative or below a certain reading for alcoholic content and the person is requested to take the test again to see if the reading is different on the second test. Nor is it the type of situation where we could conclude that the operator's con-

stitutional rights were trammeled by the police officers due to the officers' unjustified and unwarranted actions. When the defect was immediately discovered and explained to Fullerton, he was under a legal obligation to comply with the request to take the test on the readjusted breathalyzer machine or face the consequences of failing to assent.

The lower court's findings were supported by competent evidence and no errors of law were committed. We find that all the requirements contained in *Miles, supra,* for sustaining a license suspension have been met. Therefore, the lower court's order is affirmed.

Judge KRAMER did not participate in the decision in this case. *See* Pa. R.A.P. 3102(d).

ORDER

AND Now, this 15th day of September, 1977, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter, dated September 15, 1976, is hereby affirmed.