In Re: Appeal From Suspension of Operator's License of Stuart Raymond Harper.

Stuart Raymond Harper, Appellant.

Submitted on briefs, February 2, 1981, to Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

*Sanford S. Finder*, for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, Transportation, and *LeRoy S. Zimmerman,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, JR., February 25, 1981:

This is an appeal from an order of the Court of Common Pleas of Washington County upholding the suspension of appellant's driving privileges by the Department of Transportation (Department) under Section 1547(b)(1) of the Vehicle Code, 75 Pa. C. S. §1547(b)(1), for his refusal to submit to a breathalyzer test. We affirm.

At the hearing before the court of common pleas the police officer who charged appellant with driving under the influence testified that when he arrested appellant he asked him to take the breathalyzer test, which appellant said he would. At the station the machine was prepared for the test, but appellant stalled for time. According to the officer, he repeatedly asked appellant to take the breathalyzer test and after appellant kept putting it off he told appellant refusal would automatically put him under suspension for a period of six months. On cross-examination the officer denied that appellant had later agreed to take the test. Appellant testified that he did agree at the station to take the breathalyzer test and denied that he was given any warning regarding a failure to take the test.

The court of common pleas found that appellant refused to submit to a breathalyzer test, even after the officer warned appellant that refusal to take the test would result in a six month suspension of his operator's privileges.

In order for a suspension for a refusal to submit to a chemical test of breath or blood to be sustained, the

Department must prove that a driver was placed under arrest upon the charge of driving while intoxicated, was requested to submit to a breathalyzer test, and refused to do so. *Department of Transporation, Bureau of Traffic Safety v. Hanes,* 49 Pa. Commonwealth Ct. 407, 411 A.2d 571 (1980). Such refusal has been defined as anything substantially short of an unqualified, unequivocal assent to an officer's request to the arrested motorist. *Morris Motor Vehicle Operator License Case,* 218 Pa. Superior Ct. 347, 280 A.2d 658 (1971). Appellant here contends that the Department did not meet its burden of proving its case. "In cases in which the court of common pleas is the fact finder, our scope of review is limited to a determination of whether or not the court based its findings of fact on substantial evidence or committed an error of law." *Department of Transportation, Bureau of Traffic Safety v. Stafford,* 28 Pa. Commonwealth Ct. 157, 159, 367 A.2d 816, 817 (1977). "Questions of credibility and the resolution of testimonial conflicts are for the lower court." *Department of Transportation, Bureau of Traffic Safety v. Fullerton,* 31 Pa. Commonwealth Ct. 609, 612, 377 A.2d 1024, 1025 (1977). We have no difficulty whatsoever in concluding that the lower court's findings were based upon substantial evidence.

Appellant also argues that any warning the officer may have given did not comply with Section 1547(b)(2) of the Vehicle Code, 75 Pa. C. S. §1547(b)(2), which provides "[i]t shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended or revoked upon refusal to submit to a chemical test." Our review of the record satisfies us that the police officer did inform appellant his operating privilege would be suspended upon refusal to submit to a chemical test of breath. The requirements of Section 1547(b)(2) and

92

of *Peppelman v. Commonwealth,* 44 Pa. Commonwealth Ct. 262, 403 A.2d 1041 (1979), were met.

Accordingly, we will enter the following

ORDER

AND Now, February 25, 1981, the order of the Court of Common Pleas of Washington County, docketed at Civil Action—Law No. 230 June 1979, dated July 23, 1979, dismissing the appeal of Stuart Raymond Harper, is affirmed.