Charles A. Stitzer, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Argued December 11, 1980, before Judges MENCER, ROGERS and BLATT, sitting as a panel of three.

*Anthony S. Federico, Jr.,* for appellant.

*Harold H. Cramer,* Assistant Attorney General, with him *Ward T. Williams,* Chief Counsel, Transportation, and *Harvey Bartle, III,* Attorney General, for appellee.

Opinion by Judge Mencer, March 4, 1981:

Charles A. Stitzer (appellant) has appealed from the suspension of his privilege of operating a motor vehicle for refusal to take a breath test. We affirm.

The appellant was arrested by Officer McPherson of the Pennbrook Police Department (arresting officer) for driving under the influence of alcohol. The arresting officer requested that the appellant take a breath test, but he refused. As a result, his operating privilege was suspended for 6 months, pursuant to Section 1547(b) of the Vehicle Code, 75 Pa. C. S. §1547(b). His appeal to the Court of Common Pleas of Dauphin County was denied.

On this appeal, the appellant raises two issues. First, he contends that the court below erred in ruling that the arresting officer had reasonable grounds to believe the appellant had been driving under the influence of alcohol. Second, he contends that his refusal to take the test was reasonable and justified. Neither of these contentions has merit. "A lower court's decision in [this type of case] is not to be disturbed unless its findings were not supported by competent evidence or it made erroneous conclusions of law or its decision exhibits a manifest abuse of discretion." *McMahon v. Commonwealth*, 39 Pa. Commonwealth Ct. 260, 263, 395 A.2d 318, 320 (1978).[1]

The appellant argues that the lower court's conclusion that the arresting officer had reasonable grounds to believe the appellant was driving under the influence of alcohol was not supported by competent evidence. We disagree. Our review of the record indicates that the conclusion of the court below was well

---

[1] *McMahon* was decided under Section 624.1 of The Vehicle Code, Act of April 29, 1959, P.L. 58, *as amended*, added by Section 1 of the Act of July 28, 1961, P.L. 918, *formerly* 75 P.S. §624.1, repealed by the Act of June 17, 1976, P.L. 162. A similar provision is now found in 75 Pa. C. S. §1547.

supported by the arresting officer's testimony.[2] Therefore, we cannot reverse on this issue.

The second contention of the appellant is equally meritless. He claims that his refusal to take the test was justified and reasonable because the arresting officer had "tricked" him into driving the wrong way

[2] A fair summary of the testimony given by the police officer at the hearing before the Court of Common Pleas of Dauphin County is as follows:

While following the appellant's vehicle, the arresting police officer observed the appellant make a prohibited left-hand turn onto a street upon which traffic is only permitted to travel in the opposite direction. The officer stopped the appellant's vehicle, explained the reason for the stop, and asked the appellant to produce his operator's license and registration. At this time, the appellant's speech was slurred and he had trouble locating his cards. The appellant explained that he was not familiar with the area, and the officer told the appellant that he would be issued a written warning. The officer smelled alcohol upon the appellant's breath. The appellant admitted to having had a few beers but stated that that did not affect his driving.

The police officer gave the appellant the benefit of the doubt, gave him a written warning, and gave him directions to his place of residence. The officer walked back to his car with the intention of following the appellant to make sure that he was able to drive properly, since the officer had only observed the appellant for a short period of time. Appellant drove approximately 20 feet to the next stop sign, where traffic signals would have permitted him to turn right or left but would not permit him to continue on a straight course, since that straight course would have caused him to continue on another block of what was clearly marked a one-way street for traffic traveling in the other direction. This block was clearly posted with a "do not enter" sign and a "one way" sign. Appellant continued on a straight course and continued traveling in the wrong direction on a one-way street. The officer stopped appellant again. Appellant was irate. After calling for a backup unit, the officer asked appellant to exit the vehicle and to perform field coordination tests. Appellant refused to take the field coordination tests, was asked to submit to a breathalyzer or blood test, refused to take these tests, and offered to give the officer some money to take care of the matter. At this point, appellant was placed under arrest for driving under the influence of alcohol.

on a one-way street, so he wished to contact an attorney before submitting to the test.

In *Weitzel Appeal*, 41 Pa. Commonwealth Ct. 235, 400 A.2d 646 (1979), we held that a licensee has no right to call an attorney before deciding whether to submit to a breath test. In addition, Section 1547 of the Vehicle Code makes no provision for a licensee to raise the defense of reasonableness or justification in a suspension proceeding for refusal to take a breath test. Here, the appellant was arrested by an officer who had reasonable grounds to believe that he was driving under the influence of alcohol. He was requested to submit to a breath test, but he refused. On these facts alone, the Department of Transportation was *required* to suspend his operating privilege pursuant to Section 1547(b) *regardless* of his motivation for refusing to take the test.

Order affirmed.

ORDER

AND Now, this 4th day of March, 1981, the order of the Court of Common Pleas of Dauphin County, dated October 4, 1979, which denied the appeal of Charles A. Stitzer and reinstated the suspension of his operating privilege is hereby affirmed.