In Re: Appeal From Suspension of Operator's License of Donald Budd. Donald Budd, Appellant.

Submitted on briefs October 7, 1981, to Judges MENCER, WILLIAMS, JR. and MACPHAIL, sitting as a panel of three.

*C. Jerome Moschetta,* for appellant.

*Harold Cramer,* Assistant Counsel, with him *Robert C. Bell,* Assistant Counsel, *Ward T. Williams,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY JUDGE WILLIAMS, JR., March 15, 1982:

Appellant, Donald Budd, appeals from an order of the Court of Common Pleas of Washington County. The lower court denied appellant's petition for recon-

sideration and affirmed its earlier order sustaining the suspension of appellant's driver's license.

On or about October 14, 1979, appellant, while driving his car on East Beau Street in East Washington, was apprehended by a police officer for erratic driving. Upon approaching appellant's vehicle, the officer noticed that appellant appeared to be inebriated. The officer detected a strong odor of alcohol emanating from appellant and observed that appellant was unable to walk or stand without assistance. At that time appellant was placed under arrest. He was then taken to the Washington Police Station where he was asked to submit to a breathalyzer test in order to determine the level of alcoholic content in his blood. Appellant was informed that a refusal to take the test would result in the suspension of his operator's privileges.

Appellant verbally consented to proceed with the breathalyzer test, whereupon he received instructions on the method for performing such a test. The test was administered to appellant several times; each time the sound of air escaping from the sides of appellant's mouth was heard. Since appellant failed to tighten his lips around the instrument's mouthpiece, no reading could be obtained from the breathalyzer machine. Thus, appellant never successfully completed the test.

The Commonwealth Bureau of Traffic Safety, Department of Transportation (Department), deemed appellant's failure to produce a reading on the breathalyzer a refusal to take the test. The Department, therefore, suspended appellant's operating privileges for a period of six (6) months. Appellant appealed that determination and, after a de novo hearing, the Court of Common Pleas of Washington County entered an order dismissing the appeal and affirming the Department's suspension of appellant's driver's license. Following the lower court's decision, appellant filed a Petition for Reconsideration. Appellant's

Petition was based on his allegations that the breathalyzer equipment was not in working condition; that the breathalyzer equipment was not proven to be the type approved by the Department under the Motor Vehicle Code; and that he had made a good faith attempt to take the test, but was physically unable to do so. The lower court heard argument on appellant's Petition; and in April, 1980, it dismissed the Petition and affirmed its earlier order. It is from that order that appellant now appeals.

Appellant, in seeking a reversal of the suspension order, advances virtually the same arguments as those he enumerated in his Petition for Reconsideration before the lower court. Appellant initially contends that the Commonwealth failed to carry its burden of producing legally-sufficient evidence to establish that he refused to submit to the breathalyzer. In that regard, appellant asserts that the court's finding of a refusal was based solely on the failure of the administering officer to obtain a reading from the breathalyzer machine. That failure, appellant argues, may have resulted from a malfunction of the equipment, rather than from his lack of a good faith effort to supply a sufficient breath sample. Therefore, appellant asserts, it was incumbent upon the Commonwealth to have proven that the machine was in proper working condition at the time of the test. Appellant contends that the Commonwealth offered no such proof; and that, thus, the lower court erred in dismissing his appeal.

This Court has peviously held that the suspension of a driver's license under Section 1547 of the Vehicle Code[1] will be sustained if the Commonwealth has proven that the defendant was (1) placed under arrest upon the charge of driving while intoxicated; (2) was requested to submit to a breathalyzer test; and (3) re-

---

[1] 75 Pa. C. S. §1547.

fused to do so. *Department of Transportation, Bureau of Traffic Safety v. Tantlinger,* 29 Pa. Commonwealth Ct. 536, 371 A.2d 1037 (1977).[2] Appellant's appeal focuses exclusively on his refusal to take the breathalyzer test, thus we will limit our discussion to that element of the Commonwealth's burden of proof.

It is well established law that where a defendant, when taking a breathalyzer test, does not exert a total conscious effort, and thereby fails to supply a sufficient breath sample, such is tantamount to a refusal to take the test, thus warranting the suspension of his motor vehicle operator's license. *Department of Transportation, Bureau of Traffic Safety v. Hanes,* 49 Pa. Commonwealth Ct. 407, 411 A.2d 571 (1980). Furthermore, whether or not there has been a refusal by a motorist to submit to a breathalyzer test is a factual, not a legal determination. *Department of Transportation, Bureau of Traffic Safety v. Pedick,* 44 Pa. Commonwealth Ct. 44, 403 A.2d 181 (1979).

In the instant case, the lower court found that although appellant never verbally refused to submit to the breathalyzer test, he did not make an "honest effort" to take the test. This Court's scope of review is limited to an examination as to whether the lower court's findings are supported by competent evidence or whether an error of law has been committed. *Bruno v. Department of Transportation, Bureau of Traffic Safety,* 54 Pa. Commonwealth Ct. 353, 422 A.2d 217 (1980). Our review of the record reveals that the lower court's findings are supported by the evidence and that no error of law has been committed. Thus,

---

[2] Additionally, "new" Section 1547(b)(2) of the Vehicle Code requires that a driver be warned that a suspension or revocation will follow a refusal to submit to a breathalyzer test. *Department of Transportation, Bureau of Traffic Safety v. Quinlan,* 47 Pa. Commonwealth Ct. 214, 408 A.2d 173 (1979) ; *Peppelman v. Commonwealth,* 44 Pa. Commonwealth Ct. 262, 403 A.2d 1041 (1979).

we must sustain the lower court's finding that appellant declined to take the chemical breath test. We need not concern ourselves with the question of the operability of the breathalyzer equipment, for, once the test has been refused, the suitability of the machine is not at issue. *Commonwealth v. Heresko*, 28 Pa. Commonwealth Ct. 508, 368 A.2d 1357 (1977).

Once the Commonwealth has established that a motorist refused to submit to a breath analysis test, the burden shifts to the motorist to prove by competent evidence that he was physically unable to take the test or incapable of a conscious and knowing refusal. *Bruno v. Department of Transportation, Bureau of Traffic Safety, supra.* Appellant Budd contends that he proffered evidence establishing that he was physically incapable of taking the breathalyzer test. He argues that the lower court, however, capriciously disregarded that evidence, and therefore improperly sustained the suspension of his driver's license. We find no evidence on the record of appellant's physical incapacity to successfully complete the chemical breath test. Therefore, we must uphold the lower court's determination.

For the above stated reasons, the order of the lower court is affirmed.

### ORDER

AND Now, the 15th day of March, 1982, the order of the Court of Common Pleas of Washington County issued on April 23, 1981, dismissing appellant's appeal and sustaining the suspension of his motor vehicle operator's license is affirmed.

Judge PALLADINO did not participate in the decision in this case.