## Commonwealth v. Ziomek

*Ronald J. Wydo,* for defendant.
*John V. Rovinsky,* for the Commonwealth.

BROMINSKI, *J.*, August 12, 1983 — This matter comes before the court upon appellant's appeal from the suspension of his drivers license for refusal to take the breathalyzer test, a violation of §1547 of the Motor Vehicle Code, 75 Pa. C.S. §1547.

Admittedly, the Commonwealth has met its burden of proof, except that, according to appellant's contention, it failed to prove that appellant refused to take the test.

The Commonwealth's contention is that Appellant, on December 29, 1982, in the Hanover Township Police Department, agreed to take the test; that appellant blew into the machine and was advised that the breathalyzer machine malfunctioned. That he was asked the second time and he agreed, and once again was advised that the machine malfunctioned. The officer then called the Wilkes-Barre Police Department and made arrangements to have appellant take the test there. Appellant consented. Upon arrival at the Wilkes-Barre Police Department, appellant refused to take the test.

That the reason why the machine malfunctioned was that a friend of appellant's, Peter Pikutis, placed a piece of plastic in the machine thereby rendering it inoperable. He, (Pikutis), later on pleaded guilty to this. They found the reason the machine was malfunctioning the next day when they sent it to Harrisburg to be checked. The officer further testified that appellant knew why the machine was malfunctioning because his friend whispered to him.

Appellant denied that he knew why the machine was malfunctioning. That he refused to take the test at the Wilkes-Barre Police Department because after agreeing to take the test twice, the third request was just harassment.

This matter is governed by the case of In Re Harper's Motor Vehicle Suspension Appeal, 57 Pa. Commw. 89, 426 A.2d 196, 197:

"In order for a suspension for a refusal to submit to a chemical test of breath or blood to be sustained, the Department must prove that a driver was placed under arrest upon the charge of driving while intoxicated, was requested to submit to a breathalyzer test, and refused to do so. Department of Transportation, Bureau of Traffic Safety v. Hanes, 49 Pa. Commw. 407, 411 A.2d 571 (1980). Such refusal has been defined as anything substantially short of an unqualified, unequivocal assent to an officer's request to the arrested motorist."

More specifically, the case of Commonwealth v. Fullerton, 31 Pa. Commw. 609, 377 A.2d 1024 (1977), wherein appellant agreed to take the tests and he complied by blowing into the breathalyzer machine and the machine did not register. It was discovered that the machine was set on "analyze" and not "test". The officer explained that to the driver and asked him to blow into the machine once again and the driver refused. The appellate court sustained the lower court's sustaining of the suspension, using the theory of "The Harper case", "the unqualified, unequivocal assent theory".

Therefore, whether appellant knew or did not know why the machine was malfunctioning here, he did not give an unqualified, unequivocal assent to the breathalyzer test.

Accordingly, we enter the following

## ORDER

It is hereby ordered, adjudged and decreed, that appellant's appeal from the suspension of his driver's license is denied and dismissed.