507 A.2d 879

Vincent T. McFarren, Jr., Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Argued March 10, 1986, before Judges CRAIG, DOYLE and PALLADINO, sitting as a panel of three.

*Kurt R. Gingrich,* with him, *Richard E. Rush, Thomson, Rhodes & Cowie,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman, General Council,* for appellee.

OPINION BY JUDGE CRAIG, April 7, 1986:

In *Department of Transportation, Bureau of Traffic Safety v. Fullerton,* 31 Pa. Commonwealth Ct. 609, 377 A.2d 1024 (1977), we held that a motorist's refusal to submit to a second breathalyzer alcohol test, when the breathalyzer machine did not function properly the first time, constituted a violation of the statutory duty to submit to an alcohol test. The issue in this case is whether a motorist's refusal to submit to a second breathalyzer alcohol test, when the breathalyzer machine *did function properly* the first time, constitutes a violation of that statutory duty.

Here, McFarren, arrested for driving under the influence of alcoholic beverages, assented to a breathalyzer alcohol test. The alcohol level registered .17 on the breathalyzer machine. Twenty minutes after McFarren performed the alcohol test, the arresting police officers requested McFarren to submit to a second breathalyzer test. In response to the police officer's request, McFarren demanded to contact an attorney, or in the alternative, to see in writing the law which required him to submit to a second breathalyzer alcohol test. The police officers warned McFarren several times that his refusal to submit to the second test would result in an automatic suspension of his operating privileges for at least one year. McFarren did not take the second breathalyzer alcohol test. The Department of Transportation, pursuant to section 1547(b) of the Vehicle Code, *as amended,* 75 Pa. C. S. §1547(b), suspended McFarren's operating privileges for one year.[1]

---

[1] Section 1547(b) of the Vehicle Code provides:
(1) If any person placed under arrest for a violation of section 3731 (relating to driving under influence of alcohol or

McFarren appealed from the decision of DOT to the Court of Common Pleas of Allegheny County. The court of common pleas dismissed McFarren's appeal and this appeal followed. We affirm.

McFarren argues that the police had no authority to demand a second test because the phrase "one or more", in section 1547(a) of the Vehicle Code, is vague in that it could mean one test of breath, one test of blood and one test of urine, or an indefinite number of each type of test, thus giving police officers unbridled discretion in the number of tests they can require motorists to perform. Section 1547(a) of the Vehicle Code provides:

> Any person who drives, operates or is in actual physical control of the movement of a motor vehicle in this Commonwealth shall be deemed to have given consent to *one or more chemical tests* of breath, blood or urine for the purpose of determining the alcoholic content of blood or the presence of a controlled substance if a police officer has reasonable grounds to believe the person to have been driving, operating or in actual physical control of the movement of a motor vehicle:
> (1) while under the influence of alcohol or a controlled substance or both; or
> (2) which was involved in an accident in which the operator or passenger of any vehicle involved
> ———
> controlled substance) is requested to submit to chemical testing and refuses to do so, the test shall not be conducted but upon notice by the police officer, the department shall suspend the operating privilege of the person for a period of 12 months.
> (2) It shall be the duty of the police officer to inform the person that the person's operating privilege will be suspended upon refusal to submit to chemical testing.
> . . . .

or a pedestrian required treatment at a medical facility or was killed. (Emphasis added.)

We do not agree that the phrase "one or more" is vague as to whether McFarren was required to submit to two breathalyzer alcohol tests. Section 1547(a) expressly provides that a motorist ". . . shall be deemed to have given consent to *one or more chemical tests of breath*. . . ." Clearly, the Vehicle Code authorizes the police to require two breathalyzer alcohol tests.

In *Fullerton*, we stated that "no prejudice or harm would have befallen [the motorist] had he blown into the machine on a second occasion." 31 Pa. Commonwealth Ct. at 614, 377 A.2d at 1027. Similarly, in this case there was no prejudice or harm caused to McFarren because he was requested to submit to the breathalyzer alcohol test twice.

The next question is whether McFarren's actions constituted refusals to submit to the police officers' demand of the second test. The law is well established in Pennsylvania that a motorist's demand to contact an attorney in response to a police officer's request to submit to a breathalyzer alcohol test constitutes a refusal to perform the test. *Department of Transportation, Bureau of Traffic Safety v. Korchak,* 74 Pa. Commonwealth Ct. 465, 459 A.2d 1295 (1983) and *Weitzel Appeal,* 41 Pa. Commonwealth Ct. 235, 400 A.2d 646 (1979). The rationale for this rule is that the suspension of a motorist's operating privileges for refusing to take a breathalyzer alcohol test is a civil proceeding, so that a motorist has no constitutional or statutory right to contact an attorney before deciding whether or not to perform the test. *Herbert v. Commonwealth,* 75 Pa. Commonwealth Ct. 28, 460 A.2d 920 (1983).

McFarren contends that our decisions in *Herbert, Korchak* and *Weitzel* are distinguishable from this case because in those cases the motorists had their operating

privileges suspended for refusing to submit to any breathalyzer alcohol test, but, in this case, McFarren did submit to the first breathalyzer alcohol test and did not insist on contacting his attorney until he was asked to submit to a second test, at which point he needed advice because he was confused about whether or not he had to perform the breathalyzer alcohol test twice.

The cited cases are not distinguishable. The civil nature of the proceeding does not change merely because the motorist is requested to perform a second breathalyzer alcohol test. Accordingly, McFarren had no constitutional or statutory right to contact an attorney before deciding whether or not to perform the second test.

In addition, McFarren's demand to read the law before submitting to the second breathalyzer alcohol test constituted a refusal to perform the test. In *Weitzel* we held that the case of *Morris Motor Vehicle Operator License Case*, 218 Pa. Superior Ct. 347, 280 A.2d 658 (1971) was controlling, in which the Superior Court held:

> [I]t is sensible to construe the statute to mean that anything substantially short of an unqualified unequivocal assent to an officer's request that the arrested motorist take the test constitutes a refusal to do so. . . . The occasion is not one for debate, maneuver or negotiation, but rather a simple 'yes' or 'no' to the officer's request.

41 Pa. Commonwealth Ct. at 237, 400 A.2d at 646-47.

Moreover, McFarren's alleged confusion, as to whether he was required to submit to two breathalyzer alcohol tests, provides no excuse for refusing to perform the second test because he was specifically informed of his obligation to take the second test, and of the consequences of a refusal. In *Korchak* we held that any

confusion which may arise when a police officer gives a motorist his *Miranda* warnings, concerning the right to counsel, is no excuse for the motorist to refuse to submit to the breathalyzer alcohol test. We further stated, "[e]ven if it were a reason, claimant would not be released from the effects of his refusal because he was specifically warned of the consequences." 74 Pa. Commonwealth Ct. at 469, 459 A.2d at 1297.

We hold that a motorist who refuses to submit to a second breathalyzer alcohol test, even when the breathalyzer machine did function properly the first time, has failed to comply with the statutory duty.

Accordingly, we affirm the order of the court of common pleas.

### Order

Now, April 7, 1986, the order of the Court of Common Pleas of Allegheny County, at No. 108, dated June 8, 1984, is affirmed.