511 A.2d 268

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Daniel H. Siegert, Appellee.

338

Submitted on briefs February 3, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Jay C. Waldman,* General Counsel, for appellant.

*Daniel H. Siegert,* appellee, for himself.

OPINION BY SENIOR JUDGE BARBIERI, June 24, 1986:

The Department of Transportation, Bureau of Driver Licensing (Bureau), appeals here the order of the Allegheny County Court of Common Pleas sustaining Daniel H. Siegert's appeal from the one-year sus-

pension of his operating privilege imposed by the Bureau upon Siegert's failure to accede to a repeated request that he submit to a breathalyzer test as required by Section 1547(a) of the Vehicle Code, 75 Pa. C. S. §1547(a).

The testimony before the common pleas court establishes the following. Siegert was arrested on November 27, 1983 by Officer Kubit who observed Siegert's vehicle partially on the sidewalk with two front flat tires and Siegert attempting to back the vehicle onto the roadway. When Siegert exited the vehicle, the officer noticed that Siegert staggered, demonstrated incoherent speech, had bloodshot eyes and the strong odor of alcohol on his person. At the station, Officer Kubit informed Siegert that refusal to submit to a breathalyzer test would result in the automatic suspension of his operating privileges for one year. The officer testified before the common pleas court that, while Siegert submitted to the test, he failed to make a tight seal around the mouthpiece resulting in an insufficient amount of air for the test. Officer Kubit testified that he again advised Siegert of the consequences for failing to take the breathalyzer test and that Siegert responded by saying that he wanted to speak with his attorney.

Siegert testified before the common pleas court that he complied with the officer's request to blow into the machine two or three times and when, fifteen minutes later, he was again requested to submit to the test, he stated that he had taken the test a sufficient number of times and that he would like to call his attorney.

On appeal from the common pleas court order reversing the suspension, the Bureau argues that Section 1547(a) of the Vehicle Code, 75 P.S. §1547(a), clearly authorizes a police officer to request, one, or more than one, chemical tests of breath, blood or urine, to which the operator of the motor vehicle is deemed to

have given consent, and that Siegert's refusal to comply upon the police officer's repeated request justified the suspension of his license. We agree.

This Court has considered and ruled on this almost exact issue previously in *McFarren v. Department of Transportation*, 96 Pa. Commonwealth Ct. 262, 507 A.2d 879 (1986). In that case, McFarren had been arrested for driving under the influence of alcohol. He had assented to a breathalyzer test and the police officer had been successful obtaining a reading on the machine, unlike the instant case. Twenty minutes after McFarren performed the test, the police officer requested that he submit to a second breathalyzer test. In response, McFarren demanded to contact an attorney, or, in the alternative, to see in writing the law which required him to submit to a second test. We held, contrary to McFarren's assertion that Section 1547(a) of the Vehicle Code is vague giving police officers unlawful unbridled discretion in the number of tests they can require motorists to perform, that the Section was clear in authorizing the police to require the two breathalyzer tests requested of McFarren.

We then referenced the *McFarren* decision in *Smith v. Department of Transportation*, 97 Pa. Commonwealth Ct. 74, 508 A.2d 1269 (1986), in which we held that Smith, who had assented to the breath and urine alcohol tests, could not lawfully refuse to submit to the blood alcohol test because of his fear of needles. We referenced *McFarren* for the proposition that Section 1547(a) of the Vehicle Code authorizes multiple testing.

We did state in *Smith*, however, that the courts will not uphold a police officer's unreasonable demands. Thus, the question in the instant case becomes whether the police officer, unable to obtain a reading on the breathalyzer machine, was unreasonable in insisting

that Siegert repeat the breathalyzer test, twice as the police officer testified, or four times as Siegert testified. We believe the police officer's repeated request(s) were reasonable, especially in light of the fact that Siegert's technique at the breathalyzer machine frustrated the police officer's efforts to obtain a reading. As the Bureau points out in its alternative argument, case law places the burden of proving physical inability to perform the test upon the driver and that burden may not be met by self-serving testimony that he made a good faith attempt to comply. *See Bureau of Traffic Safety v. Jones,* 38 Pa. Commonwealth Ct. 400, 395 A.2d 592 (1978).

Accordingly, we will issue an order reversing the common pleas court and reinstating the one-year suspension imposed by the Bureau.

### ORDER

AND NOW, this 24th day of June, 1986, the order of the Allegheny County Court of Common Pleas in the above-captioned matter is hereby reversed and the one-year suspension imposed by the Department of Transportation, Bureau of Driver Licensing, is reinstated.