517 A.2d 219

Ian Bonise, Appellant *v.* Commonwealth of Pennsylvania, Department of Transportation, Appellee.

Submitted on briefs September 9, 1986, to Judges CRAIG and BARRY, and Senior Judge KALISH, sitting as a panel of three.

*David S. Keller, Patterson, Kaminski, Keller & Kiersz,* for appellant.

*Lawrence R. Wieder,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY SENIOR JUDGE KALISH, November 6, 1986:

Appellant, Ian Bonise, appeals from an order of the Court of Common Pleas of Cumberland County which sustained the Department of Transportation's (DOT) suspension of his driver's license. We affirm.

Appellant was operating his car when he was stopped by an officer on suspicion of driving under the influence. He was taken to the station and given a breathalyzer test. He supplied two samples. The reading of the first test was .153, and the reading of the second test was .133. Concluding that the results were invalid, the officer then asked appellant to take another

test at another station or submit to a blood test at the hospital. He was advised of the possible loss of his license if he refused. He refused to submit to another test. As a result, his driver's license was suspended for one year.

Our scope of review is to determine whether the findings of the trial court are supported by the evidence, whether there has been an erroneous conclusion of law, or whether the trial court's decision shows a manifest abuse of discretion. *Schnitzer v. Commonwealth*, 85 Pa. Commonwealth Ct. 38, 480 A.2d 388 (1984).

Appellant contends that he fully complied with the law requiring a driver to consent to a blood, urine or breath test. Specifically, he argues that he did not refuse to take the test because he had consented and had taken two tests.

DOT regulations found at 67 Pa. Code 77.24(b) provide that a test will be disregarded and the test device removed from service if the difference between the results of the two tests is .02 or more. Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547, provides that a motorist shall be deemed to have given consent to one or more chemical tests of breath, blood or urine.

To constitute a breath test under the regulations, two elements must be present, namely, two consecutive breath tests without a required waiting period between the two tests, and a reading wherein the difference between the two tests is less than .02. Unless both elements are present, there is no test. Here, the second element was missing, so that in effect no test was given. Thus, when appellant did not consent to go to another station, it could reasonably be inferred as an unqualified refusal.

In *Department of Transportation, Bureau of Traffic Safety v. Fullerton*, 31 Pa. Commonwealth Ct. 609, 377 A.2d 1024 (1977), where there was a malfunction of the

breathalyzer equipment, the court said that there *never* was a test result because Fullerton never did take the test. Therefore, he was under a legal obligation to comply with the request. Moreover, in *McFarren v. Department of Transportation,* 96 Pa. Commonwealth Ct. 262, 507 A.2d 879 (1986), this Court interpreted section 1547(a) of the Vehicle Code to authorize the police to require one or more chemical tests of the breath.

Here, the police officer's warning of the possible consequences of a refusal was sufficient to advise appellant of the possible consequences of a refusal. Thus, appellant's refusal was the result of an intelligent and knowing choice.

Accordingly, we affirm.

### ORDER

NOW, November 6, 1986, the order of the Court of Common Pleas of Cumberland County, 3273 Civil 1985, dated January 14, 1986, is affirmed.