520 A.2d 83

Paul K. Waldspurger, Appellant v. Commonwealth of Pennsylvania, Appellee.

Submitted on briefs December 8, 1986, to Judges DOYLE and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*H. David Spirt,* for appellant.

*Harold H. Cramer,* Assistant Counsel, with him, *Spencer A. Manthorpe,* Chief Counsel, and *Henry G. Barr,* General Counsel, for appellee.

OPINION BY JUDGE PALLADINO, January 13, 1987:

Paul K. Waldspurger (Appellant) appeals from an order of the Court of Common Pleas of Montgomery County (trial court) which, after conducting a *de novo* hearing, affirmed the suspension of Appellant's motor

vehicle operating privilege. The Pennsylvania Department of Transportation, Bureau of Traffic Safety (DOT) suspended Appellant's license for refusing to submit to a chemical analysis of his breath pursuant to Section 1547 of the Vehicle Code.[1] For the reasons which follow, we affirm.

On September 2, 1984, Appellant, his sister and her boyfriend were patrons at Mickey Kelly's West, a hotel and bar located in the village of Claussville, Lehigh County, Pennsylvania. Appellant testified that the boyfriend left the bar first and become embroiled in an altercation with five or six men in the parking lot. Upon exiting the bar, Appellant observed this situation and attempted to assist the boyfriend. Appellant testified that he did so by driving his car in circles around the parking lot so that when the boyfriend broke free, they could escape. In the course of doing this, Appellant hit a parked car.

Shortly thereafter, two Pennsylvania State Police Troopers arrived on the scene. They proceeded to separate Appellant and the boyfriend from the crowd. Trooper Hlavac testified that he walked Appellant over to his car and, while doing so, observed (1) the strong odor of alcohol about Appellant's person, (2) that Appellant walked with a staggered gait, (3) had a flushed face, and (4) was very loud and boisterous. Appellant admitted operating the vehicle involved in the accident.

Trooper Hlavac also spoke with two witnesses who told him that Appellant was driving erratically around the parking lot and had come close to striking several people. The trooper related these details to the trial court as neither witness was present to testify.

Subsequently, Trooper Hlavac placed Appellant under arrest for violating Section 3731 of the Vehicle

---

[1] 75 Pa. C.S. §1547.

Code[2] (driving under the influence of alcohol) and transported him to the Fogelsville State Police barracks. After calibrating the machine, the trooper asked Appellant whether he would submit to a breathalyzer test and warned him of the consequences of his refusal to take the test. Appellant refused.

Our scope of review of a common pleas court's decision in a motor vehicle license suspension case is limited to determining whether the findings of fact are supported by competent evidence, whether errors of law have been committed and whether that court's decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Grasso,* 97 Pa. Commonwealth Ct. 262, 508 A.2d 643 (1986).

Appellant presents two issues for our resolution in this appeal: (1) whether Trooper Hlavac had reasonable cause to believe Appellant was driving while intoxicated[3] and, (2) whether Appellant's refusal to submit to a breathalyzer test was justified by the circumstances surrounding his arrest?

---

[2] 75 Pa. C.S. §3731.

[3] In order to suspend Appellant's driver's license pursuant to 75 Pa. C.S. §1547(b) the Commonwealth must prove that the driver:

> (1) was placed under arrest for driving while under the influence of alcohol, and that the arresting officer had reasonable grounds to believe that the operator was driving while under the influence of alcohol;
> (2) was requested by the officer to submit to a breathalyzer test;
> (3) refused to do so; and
> (4) was warned by the officer that the department would suspend his driving privileges if he refused to take the test.

*Neitz v. Department of Transportation, Bureau of Traffic Safety,* 96 Pa. Commonwealth Ct. 1, 3, 506 A.2d 961, 962 (1986). Appellant does not dispute that he was arrested for driving under the influence, was requested to submit to a breathalyzer test, refused to do so and was warned of the consequences of his refusal.

As to the first issue, Appellant asserts that the information told to Trooper Hlavac by the two witnesses (*i.e.* that Appellant was driving erratically and nearly hit several people) was inadmissible as hearsay. Therefore, he continues, the trial court could not conclude that the trooper had reasonable cause to believe that Appellant was driving under the influence and to arrest him.

This contention has no merit. "DOT did not offer that evidence to establish the truth of the matter asserted but merely to show that the arresting officer had a reasonable basis for assuming that the [Appellant] was driving under the influence." *Department of Transportation, Bureau of Traffic Safety v. Goldman,* 86 Pa. Commonwealth Ct. 14, 17-18, 482 A.2d 1383, 1385 (1984).

Even if Appellant was correct in his assertion, the remaining testimony of the trooper was sufficient to establish reasonable grounds. Trooper Hlavac testified that *he smelled* the strong odor of alcohol about Appellant's person, and *observed* that Appellant walked with a staggered gait, was of flushed face and was very loud and boisterous. Further, Appellant admitted that he was driving his vehicle which was engaged in the accident with a parked car. Certainly a reasonable person in the trooper's shoes viewing these facts could conclude that Appellant was operating a vehicle under the influence of alcohol. That is all that is required. *See Department of Transportation, Bureau of Traffic Safety v. Dreisbach,* 26 Pa. Commonwealth Ct. 201, 363 A.2d 870 (1976).

As to the second issue, Appellant claims that his refusal to take the breathalyzer test was reasonable. He concedes that a literal reading of the statutory and case law would subject him to the license suspension imposed by DOT but states that such action would "violate the spirit of our entire legal system." *Appellant's*

*brief at 7.* Appellant contends that he refused the test because he believed the trooper was going to help him prosecute the people who attacked his sister's boyfriend and damaged his car. He claims that he was justifiably angry when he found out that he was a suspect rather than a victim and, thus, had good reason to refuse the test.

This case is controlled by the provisions of 75 Pa. C. S. §1547 and *Stitzer v. Commonwealth,* 57 Pa. Commonwealth Ct. 296, 426 A.2d 1214 (1981). In *Stitzer,* Judge MENCER wrote:

> Section 1547 of the Vehicle Code makes no provision for a licensee to raise the defense of reasonableness or justification in a suspension proceeding for refusal to take a breath test. Here, the appellant was arrested by an officer who had reasonable grounds to believe that he was driving under the influence of alcohol. He was requested to submit to a breath test, but he refused. On these facts alone, the Department of Transportation was *required* to suspend his operating privilege pursuant to Section 1547(b) *regardless* of his motivation for refusing to take the test.

*Id.* at 299, 426 A.2d at 1216 (emphasis in original). Therefore, we affirm.

### ORDER

AND NOW, January 13, 1987, the order of the Court of Common Pleas of Montgomery County in the above-captioned proceeding is affirmed.