521 A.2d 969

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Eric Joseph Biesinger, Appellee.

Submitted on briefs September 29, 1986, before Judges MacPhail, Doyle and Barry, sitting as a panel of three.

*Harold H. Cramer*, Assistant Counsel, with him, *Spencer A. Manthorpe*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for appellant.

No appearance for appellee.

Opinion by Judge Barry, February 27, 1987:

The Department of Transportation (DOT) appeals an order of the Court of Common Pleas of Butler Coun-

ty reversing a twelve-month license suspension imposed by DOT upon Eric Joseph Biesinger for refusing to submit to a breathalyzer test. We reverse.

The only question before us is whether the trial court properly held that Biesinger's statutory rights were violated because he was physically prevented from viewing the digital read-out on the breath test device.

This Court has held that a suspension under Section 1547 of the Vehicle Code, 75 Pa. C. S. §1547 (Code), will be upheld if DOT establishes that the defendant refused to take the test after he was (1) arrested on charges of driving while intoxicated; (2) was requested to submit to a breathalyzer test; and (3) was warned that refusal to take the test will result in suspension of his license. *Department of Transportation, Bureau of Traffic Safety v. Tantlinger,* 29 Pa. Commonwealth Ct. 536, 371 A.2d 1037 (1977).

In the instant case the trial court specifically found that all the necessary requirements were met and that Biesinger refused to take the test by deliberately failing to blow sufficient amounts of air into the breath test device. *Budd Appeal,* 65 Pa. Commonwealth Ct. 314, 442 A.2d 404 (1982). However, the trial court then went one step further and held that notwithstanding his refusal to take the test, Biesinger's license may not be suspended because, during the testing, he was not permitted to view the digital read-out which monitors the amount of air being blown into the device. We find absolutely no language in the Code which would support such a holding.

The trial court seems to rely on Section 1547(g) of the Code which provides that test *results* shall be made available to the defendant or his attorney upon request. This section, however, is inapplicable because it clearly refers to test results which are normally printed by the breath testing device at the conclusion of the testing

procedure. In this particular case no results were available because Biesinger failed to supply sufficient air to enable the device to produce a print-out.

Accordingly, we reverse.

ORDER

Now, February 27, 1987, the order of the Court of Common Pleas of Butler County, at No. M.D. 84-022, Book 43, page 272, dated July 17, 1984, is reversed and the suspension imposed by the Department of Transportation is reinstated.