571 A.2d 418

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Frank Anthony DIULUS.**

Superior Court of Pennsylvania.

Argued Jan. 23, 1990.

Filed Feb. 28, 1990.

Robert F. Hawk, Asst. Dist. Atty., Butler, for Com., appellant.

Alexander H. Lindsay, Jr., Butler, for appellee.

Before CAVANAUGH, TAMILIA and HESTER, JJ.

TAMILIA, Judge:

The Commonwealth brings this appeal from the court's June 6, 1989 Order granting appellee's omnibus pre-trial motion to suppress an intoxilyzer blood alcohol reading. Appellee was arrested for DUI, and he consented to the administration of an intoxilyzer test at the state police barracks; whereupon the test resulted in a reading of 0.188%. Appellee refused a second, contemporaneous test, and he was cited for refusing and his license was automatically suspended. In a pre-trial motion, he sought to suppress the first reading because 67 Pa.Code § 77.24 mandates two consecutive breath tests be obtained. The trial court granted the motion, and the Commonwealth appeals.[1] This is a case of first impression for this Court, and as a result, we must thoroughly examine all the applicable law in coming to our decision.

The Commonwealth contends the trial court erroneously suppressed the results of the intoxilyzer test. Specifically, the Commonwealth argues although 67 Pa.Code § 77.24 mandates two consecutive tests, 75 Pa.C.S. § 1547 allows admission of evidence of a person's blood alcohol level as shown by chemical tests when the tests were conducted by qualified persons using approved equipment. Pennsylvania law specifically addresses the proper procedure for conducting breath tests:

(b) *Procedures....* The procedures for alcohol breath testing shall include, at a minimum:

---

1. This appeal is permissible as the Commonwealth has certified in good faith that the suppression Order submitted for our review substantially handicaps the prosecution and the appeal is not intended for delay purposes. *Commonwealth v. Dugger,* 506 Pa. 537, 486 A.2d 382 (1985).

(1) Two consecutive actual breath tests, without a required waiting period between the two tests.

(2) One simulator test using a simulator solution designed to give a reading of .10%, to be conducted immediately after the second actual alcohol breath test has been completed. The lower of the two actual breath test results will be the result used for prosecution ...

67 Pa.Code § 77.24.

The regulations specifically call for two elements to be present in order for there to be a valid breath test: 1) two consecutive breath tests, without a required waiting period between them and 2) a simulator test, using simulated solution designed to give a .10% reading conducted after the second actual breath test. All elements must be present for a valid result. *See Ostrander v. Commonwealth,* 116 Pa.Cmwlth. 243, 541 A.2d 441 (1988); *Bonise v. Commonwealth,* 102 Pa.Cmwlth. 6, 517 A.2d 219 (1986). Since the arresting officer affirmed only one breath sample was tested, (Affidavit of Probable Cause, Exhibit A), we find the breath test to be invalid and agree with the trial court's suppression of the test results.

Additionally, we find no merit to the Commonwealth's contention the statutory requirements for the admissibility of such test results were met because the test was conducted by a qualified person using an approved device. 75 Pa.C.S. § 1547 provides in part:

(c) **Test results admissible in evidence.**—In any summary proceeding or criminal proceeding in which the defendant is charged with a violation of section 3731 or any other violation of this title arising out of the same action, the amount of alcohol or controlled substance in the defendant's blood, as shown by chemical testing of the person's breath, blood or urine, which tests were conducted by qualified persons using approved equipment, shall be admissible in evidence.

However, one test does not constitute a valid test, despite being conducted by a qualified person on an approved testing device. The statutory requirements in 75 Pa.C.S.

§ 1547 and the regulations in 67 Pa.Code § 77.24 *both* establish the requisite procedures for a valid breath test. They are not mutually exclusive. If we were to follow the Commonwealth's argument to its logical end, compliance with Pa.C.S. § 1547(c) would nullify not only 67 Pa.Code § 77.24, which requires that *two* tests be performed, but also the remaining subsections under 75 Pa.C.S. § 1547. For example, 75 Pa.C.S. § 1547(c)(1) requiring chemical breath tests "be performed on devices approved by the Department of Health using procedures prescribed jointly by regulations of the departments of Health and Transportation ..." would have no effect as long as a "qualified person using approved equipment" administered the test, using whatever method suited him or her at the time. We do not accept this proposition and reject the Commonwealth's contentions.

Even so, the Commonwealth argues, since appellee was not charged with the violation of 75 Pa.C.S. § 3731(a)(4) but instead was charged under 75 Pa.C.S. § 3731(a)(1), the breath test results should be introduced to demonstrate appellee was not capable of safe driving. We find no merit to this argument. 75 Pa.C.S. § 3731 Driving under influence of alcohol or controlled substance, in pertinent part, provides:

> (a) **Offense defined.**—A person shall not drive, operate or be in actual physical control of the movement of any vehicle while:

> (1) under the influence of alcohol to a degree which renders the person incapable of safe driving;

> . . . .

> (4) the amount of alcohol by weight in blood of the person is 0.10% or greater. (Footnote omitted.)

The language of the statute does not make an exception for the introduction of invalid tests in cases where the defendant is charged under § 3731(a)(1), and neither will we make that exception. If, as we have already determined, the introduction into evidence of invalid tests is improper

under § 3731(a)(4), it is equally improper under § 3731(a)(1). Therefore, the breath test results are inadmissible and properly suppressed.

Appellee, by refusing to submit to a second breath test, knowingly accepted and does not challenge the penalty for refusing to complete the intoxilyzer test. His license was suspended for twelve months and evidence of his refusal to complete the breathalyzer test will be admitted at his criminal trial. To admit the results of the invalid breath test would penalize appellee to a greater degree than the pertinent statutes contemplate, and we find no reason to do so.

Order affirmed.