Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety *v.* Raymond David Medalis, Appellant.

Argued January 9, 1976, before Judges KRAMER, WILKINSON, JR., and MENCER, sitting as a panel of three.

W. J. Krencewicz, for appellant.

John L. Heaton, Assistant Attorney General, with him Anthony J. Maiorana, Assistant Attorney General, Robert W. Cunliffe, Deputy Attorney General, and Robert P. Kane, Attorney General, for appellee.

OPINION BY JUDGE MENCER, March 12, 1976:

Although the facts which give rise to this appeal can be distinguished from those dealt with in the case of Bureau of Traffic Safety v. Kelly, 18 Pa. Commonwealth Ct. 490, 335 A.2d 882 (1975), our holding in Kelly controls here. In Kelly, we held that a person possessing a license to operate a motor vehicle who refuses to submit to a properly requested breathalyzer test[1] does not sustain

---

1. Section 624.1(a) of The Vehicle Code, Act of April 29, 1959, P.L. 58, as amended, 75 P.S. §624.1(a), provides:

"Any person who operates a motor vehicle or tractor in this Commonwealth, shall be deemed to have given his consent to a

his burden of proving a physical inability to submit when he produces no medical or other competent evidence of physical disability or incapacity.[2]

On June 28, 1974, Raymond D. Medalis (Medalis) was involved in an automobile accident which was investigated by Trooper John E. O'Boyle of the Pennsylvania State Police. As a consequence of the investigation, Medalis was (1) placed under arrest, (2) charged with the operation of a motor vehicle while under the influence of intoxicating liquor, and (3) requested to submit to a breathalyzer test. *See Commonwealth v. Miles,* 8 Pa. Commonwealth Ct. 544, 304 A.2d 704 (1973). Medalis orally agreed to submit to a breathalyzer test but then refused to supply sufficient breath for the test to be conducted. The Court of Common Pleas of Schuylkill County concluded that Medalis' lack of effort to supply the necessary breath sample amounted to a refusal to take the test and created a legal basis for the Secretary of Transporta-

---

chemical test of his breath, for the purpose of determining the alcoholic content of his blood: Provided, That the test is administered by qualified personnel and with equipment approved by the secretary at the direction of a police officer having reasonable grounds to believe the person to have been driving while under the influence of intoxicating liquor. Qualified personnel means a physician or a police officer who has received training in the use of such equipment in a training program approved by the secretary. If any person is placed under arrest and charged with the operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so, the test shall not be given but the secretary may suspend his license or permit to operate a motor vehicle or tractor with or without a hearing. Any person whose license or permit to operate a motor vehicle or tractor is suspended under the provisions of this act shall have the same right of appeal as provided for in cases of suspension for other reasons."

2. Kelly's refusal to submit to the breathalyzer test was based on his assertion that he was out of breath due to the emotional excitement of the arrest.

tion to suspend Medalis' operator's license for a period of six months. This appeal followed and we affirm.

Since Medalis' behavior in failing to provide the necessary breath sample was tantamount to a refusal to submit to a breathalyzer test, it became incumbent upon him to establish that he was physically unable to submit to such a test. The record discloses that, in addition to his own testimony on this crucial issue which was completely contrary to Trooper O'Boyle's, Medalis placed in evidence a letter from Dr. Esquivel stating that he saw the patient professionally on July 2 and 3, 1974 and that his examinations on those dates satisfied him that a sprain of Medalis' left shoulder was compatible with his complaint of pain in his left shoulder. The medical evidence was totally insufficient to meet Medalis' burden on the issue of his physical inability to supply the necessary breath sample for a breathalyzer test. The lower court's acceptance of the trooper's testimony rather than Medalis', concerning what transpired relative to the attempt to obtain the needed breath sample, was within its prerogative and on this record not error.[3] *See Commonwealth v. Passarella,* 7 Pa. Commonwealth Ct. 584, 300 A. 2d 844 (1973).

Here, as in *Kelly,* the licensee did not attempt to complete the breathalyzer test and did not offer medical evidence to support his suggested physical incapacity to submit to the test. Consequently, we must likewise hold in this appeal that the licensee's evidence was insufficient to sustain his burden of proving physical incapacity to supply the necessary breath sample. Thus, Medalis is subject to the suspension imposed by the Secretary of

---

3. In *Bureau of Traffic Safety v. Kelly, supra,* we stated that "[a] simple declaration by a subject that he is physically unable to do a breath test absent medical proof of his incapacity . . . will not justify his refusal to meet the statutory demands of his privilege." 18 Pa. Commonwealth Ct. at 495, 335 A.2d at 885.

16

Transportation in accord with the provisions of Section 624.1 of The Vehicle Code.

Medalis also contends that Trooper O'Boyle was not qualified to administer a breathalyzer test. However, Medalis did not make this contention prior to his refusal to take the test and consequently cannot raise it here where the issue is the validity of a suspension based upon a refusal to supply sufficient breath for a breathalyzer test to be conducted. Accordingly, this contention need not be reached in this appeal.

Order affirmed.