## Jones License

*Michael E. Farr,* for appellant.

*John L. Heaton,* for Department of Transportation.

WICKERSHAM, *J.,* June 16, 1977—Petitioner was arrested on the charge of operating a motor vehicle while under the influence of an intoxicating liquor.[1] She was taken to State Police Headquarters where she was requested to submit to a chemical breathalyzer test.[2] The Department of Transportation contends petitioner refused to

---

1. Pursuant to section 1037 of The Vehicle Code of April 29, 1959, P.L. 58, as amended, 75 P.S. §1037.

2. Section 624.1(a) of The Vehicle Code, supra, 75 P.S. §624.1(a), provides:

"Any person who operates a motor vehicle or tractor in this Commonwealth, shall be deemed to have given his consent to a chemical test of his breath, for the purpose of determining the alcoholic content of his blood: Provided, That the test is administered by qualified personnel and with equipment approved by the secretary at the direction of a police officer hav-

submit to this test, and accordingly, subjected herself a fortiori to a six month suspension of her driver's license as required by section 624.1(a) of The Vehicle Code. From this suspension, petitioner appeals to this court.[3]

At issue is whether petitioner "refused" to submit to the test within the meaning of section 624.1(a) of The Vehicle Code, such as would justify suspension of her license; the only justifiable "refusal" being on the basis of a physical inability to submit to a breathalyzer test.

Clearly, a simple declaration of inability to perform the test, absent supportive medical proof, will not justify a refusal: Bureau of Traffic Safety v. Kelly, 18 Pa. Commonwealth Ct. 490, 495, 335 A.2d 882, 885 (1975). Acquiescing to the test, and then failing to provide sufficient breath, also will

---

ing reasonable grounds to believe the person to have been driving while under the influence of intoxicating liquor. Qualified personnel means a physician or a police officer who has received training in the use of such equipment in a training program approved by the secretary. If any person is placed under arrest and charged with the operation of a motor vehicle or tractor while under the influence of intoxicating liquor and is thereafter requested to submit to a chemical test and refuses to do so, the test shall not be given but the secretary may suspend his license or permit to operate a motor vehicle or tractor with or without a hearing. Any person whose license or permit to operate a motor vehicle or tractor is suspended under the provisions of this act shall have the same right of appeal as provided for in cases of suspension for other reasons."

3. Pursuant to section 620 of The Vehicle Code, supra, 12 P.S. §620. Argument was had February 22, 1977, before Judge Richard B. Wickersham; Michael E. Farr, Esquire, and Smith, Chamberlain & Farr for the petitioner, and John L. Heaton, Esquire, Assistant Attorney General, for the Commonwealth.

not justify a refusal absent medical corroboration: Bureau of Traffic Safety v. Medalis, 24 Pa. Commonwealth Ct. 12, 354 A.2d 43 (1976). Such "refusals" are inapposite, however, to a situation in which an individual acquiesces to the test, attempts to inflate the test balloon, and through sheer physical inability cannot do so. This, indeed, is not a "refusal" at all. We feel petitioner has adequately supported her position that she falls within this final category. She never "refused" as it were to take a chemical test, and the suspension of her license was unjustified.

It would be anomalous, of course, if physical inability, whether corroborated by medical proof or not, could ever be interpreted as a refusal. The Vehicle Code seeks to foreclose such a happenstance by providing an alternate means of testing a person's blood alcohol content, i.e., extracting a blood sample,[4] in the event of a physical inability to supply enough breath to complete a breath test. This not only ensures admissible scientific evidence proving inebriation, but also provides a means to expose anyone who seeks to fraudulently escape undergoing a chemical test by feigning an inability to supply enough breath for the breathalyzer.

Of course, there would be no need to attempt the blood test when faced with a refusal to undergo the breath test.[5] When, however, the police are faced with an apparent inability to undergo the breath test, we feel The Vehicle Code places upon them an affirmative obligation to offer the blood test as

4. See The Vehicle Code, supra, 75 P.S. §624.1(f).

5. Absent, of course, an affirmative indication of a preference for the blood test over the breath test.

an alternative before they will be heard to complain that the driver "refused" a chemical analysis. The order of Department of Transportation suspending petitioner's operator's license will therefore be reversed.

## ORDER

And now, June 16, 1977, the order of the Department of Transportation suspending the operator's license of petitioner Helen Jones is hereby reversed, with all attendant privileges reinstated.