Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Helen Jones, Appellee.

Argued September 11, 1978, before Judges BLATT, DiSALLE and MacPHAIL, sitting as a panel of three.

*John L. Heaton,* Assistant Attorney General, with him *Robert W. Cunliffe,* Deputy Attorney General, and *Robert P. Kane,* Attorney General, for appellant.

*Michael E. Farr,* with him *Smith, Chamberlain & Farr,* P.C., for appellee.

Opinion by Judge DiSalle, November 6, 1978:

This is an appeal by the Department of Transportation (Department) from the order of the Court of Common Pleas of Dauphin County, dated June 16, 1977, reversing the Department's suspension of the motor vehicle operator's license of Helen Jones (Appellee) pursuant to Section 624.1 of the Vehicle Code,[1] for refusing to submit to a breathalyzer test.

This Court has frequently enunciated the rule that in order to sustain a suspension under Section 624.1 (a), the Department must prove that a defendant was placed under arrest, was charged with the operation of a motor vehicle while under the influence of intoxicating liquor, was requested to submit to a breathalyzer test, and refused to do so. *Commonwealth v. Miles,* 8 Pa. Commonwealth Ct. 544, 304 A.2d 704 (1973). In the instant case, the parties stipulated at the hearing before the court below that Appellee was arrested by a State Trooper; that he had reasonable grounds to believe she was driving under the influence of alcohol and subsequently charged her with violation of Section 1037 of the Vehicle Code, 75 P.S. §1037; and that he requested her to submit to the breathalyzer test. The sole question presented to the lower court, therefore, was whether Appellee had in fact refused to submit to the breathalyzer test.

The facts surrounding the disputed "refusal" can be stated compendiously. The Department's witness testified as follows: Appellee agreed to submit to any test which was requested of her. She thereupon attempted to blow into the tube attached to the machine. Although she supplied "healthy blasts," the machine

---

[1] Act of April 29, 1959, P.L. 58, *as amended,* added by Section 1 of the Act of July 28, 1961, P.L. 918, *as amended, formerly,* 75 P.S. §624.1, repealed by the Act of June 17, 1976, P.L. 162. A similar provision is now found in the Vehicle Code, 75 Pa. C.S. §1547.

did not register a reading since Appellee apparently was blowing air out of the sides of her mouth. Despite repeated attempts to blow air into the machine, including at least one attempt to blow into the tube after the mouthpiece had been removed, she continued to blow air out of the sides of her mouth. This inability to master the correct technique persisted even though the examiner instructed Appellee several times on the proper method. The most success achieved by Appellee was to exhale enough air so as to cause the formation of some condensation in the upper portion of the tube. As a consequence, the testing was abandoned. Appellee, on the other hand, testified that she made a good faith attempt to blow into the breathalyzer machine.

Our scope of review of a lower court's reversal of a license suspension pursuant to Section 624.1(a) is limited to whether its findings were supported by competent evidence; errors of law were committed; or the decision constituted a manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v. Shultz,* 25 Pa. Commonwealth Ct. 598, 360 A.2d 754 (1976). In this regard we note that the refusal to submit to a breathalyzer test is a factual, not a legal, determination. *Commonwealth v. Miles, supra.* While the court below did not set forth detailed and separate findings of fact, it did state:

"Clearly, a simple declaration of inability to perform the test, absent supportive medical proof, will not justify a refusal. Bureau of Traffic Safety v. Kelly, 18 Pa. Comm. Ct. 490, 495, 335 A.2d 882, 885 (1975). Acquiescing to the test, and then failing to provide sufficient breath, also will not justify a refusal absent medical corroboration. Bureau of Traffic Safety v. Medalis, 24 Pa. Comm. Ct. 12, 354 A.2d 43

(1976). Such 'refusals' are inapposite, however, to a situation in which an individual acquiesces to the test, attempts to inflate the balloon, and through sheer physical inability cannot do so. *This, indeed, is not a 'refusal' at all.* We feel the [Appellee] has adequately supported her position that she falls within this final category. She never 'refused' as it were to take a chemical test, and the suspension of her license was unjustified. (Emphasis added.)

Thus, it is clear the lower court determined that the Department did not meet its burden of proving an objective refusal by Appellee to take the breathalyzer test. *See Department of Transportation, Bureau of Traffic Safety v. Tantlinger,* 29 Pa. Commonwealth Ct. 536, 538, 371 A.2d 1037, 1038 (1977).

The Department cites *Department of Transportation, Bureau of Traffic Safety v. Kelly,* 18 Pa. Commonwealth Ct. 490, 335 A.2d 882 (1975), and *Department of Transportation, Bureau of Traffic Safety v. Medalis,* 24 Pa. Commonwealth Ct. 12, 354 A.2d 43 (1976), as support for reversal of the decision of the court below. In *Kelly* and *Medalis,* the lower court concluded that the defendants had not met their burden of proving by competent evidence that they were physically unable to submit to the breathalyzer test so as to excuse their refusal. In *Kelly,* the defendant did not even attempt to complete the breathalyzer test. The lower court determined that the evidence submitted by Kelly, that his temporary emotional insecurity caused by the excitement of his arrest justified his contention that he was physically unable to meet the conditions of the test, was insufficient to sustain his burden of proving physical incapacity. In *Medalis,* the defendant orally agreed to submit to a breathalyzer test but then refused to supply sufficient

breath for the test to be conducted. On appeal, we said:

> Since Medalis' behavior in failing to provide the necessary breath sample was tantamount to a refusal to submit to a breathalyzer test, it became incumbent upon him to establish that he was physically unable to submit to the test. . . .

24 Pa. Commonwealth Ct. at 15, 354 A.2d at 45.

It is the function of the lower court to decide on the credibility of the witnesses and reconcile conflicts in the evidence. *Campbell v. Department of Transportation, Bureau of Traffic Safety,* 16 Pa. Commonwealth Ct. 9, 329 A.2d 867 (1974); *Commonwealth v. Stamoolis,* 6 Pa. Commonwealth Ct. 617, 297 A.2d 532 (1972). Here, however, the only evidence regarding Appellee's actions at the time in question are her statements that: "I attempted to blow it the best I could," and "I attempted in good faith to blow into it." In our opinion, given the testimony of the machine operator, Appellee's evidence was legally insufficient to avoid the burden placed on her by *Medalis* and *Kelly, i.e.* to produce evidence that she was physically unable to take the test.

We are constrained to conclude, therefore, that the lower court's finding that the Department failed to sustain its burden of proving Appellee's refusal was not supported by competent evidence. Accordingly, we reverse.

Judge MacPhail dissents.

### Order

And Now, this 6th day of November, 1978, the order of the Court of Common Pleas of Dauphin County dated June 16, 1977, is hereby reversed and the suspension entered by the Department of Transportation is reinstated.