611 P.2d 560

**Paul KLOMP, Plaintiff/Appellee,**

v.

**ARIZONA DEPARTMENT OF ECONOMIC SECURITY, Bill Jamieson, Jr., Director: R. E. Sorenson, Richard Petty, Richard McMahon, and D. I. Dunbar, in their capacity as members of the Appeal Tribunal, Defendants/Appellants.**

No. 2 CA–CIV 3366.

Court of Appeals of Arizona,
Division 2.

Jan. 30, 1980.

Rehearing Denied March 19, 1980.

Review Denied April 15, 1980.

Russo, Cox, Dickerson & Sylvester, P.C. by J. Patrick Butler, Tucson, for plaintiff/appellee.

Robert K. Corbin, Atty. Gen. by Alex G. Duncan and John R. Evans, Tucson, for defendants/appellants.

OPINION

HOWARD, Judge.

The Department of Economic Security has brought this appeal to challenge the trial court's reversal of a decision of the department denying appellee certain benefits under the Trade Readjustment Act of 1974. We believe the trial court erred and we reverse.

In September 1977, appellee was laid off from his job as a shovel and drill mechanic at the Anamax Mining Company. In January 1978, he enrolled as a full-time student at the University of Arizona to pursue a mechanical engineering degree. In March 1978, he applied for Trade Readjustment Act benefits after he learned that funds were available under the Act for employees who were laid off in an industry hurt by foreign imports. Appellee was found eligible for a trade readjustment allowance under the Trade Act of 1974, 19 U.S.C.A. Secs. 2271–2322. That determination is not before us. However, he was found ineligible for training allowances under the Act. His claim was denied on the following basis:

"A Job Service Counseler (sic) has determined that your employment goal of a

mechanical engineer would not improve your employability."

Appellee appealed the decision and a hearing was held July 13, 1978 at which appellee was the sole witness. On July 20 the appeal tribunal issued its decision denying appellee training benefits "[s]ince his training goal cannot be completed within his benefit period for trade readjustment allowances, and . . . such training would [not] greatly improve his employability . . ." Appellee sought judicial review of this decision and the superior court reversed the appeal tribunal's decision finding that it was not based on the evidence or supported by the law.

 The scope of the superior court's review under A.R.S. Sec. 12–910 is limited to deciding whether the administrative decision involved an abuse of discretion or was arbitrary and capricious, *Sundown Imports, Inc. v. Arizona Department of Transportation*, 115 Ariz. 428, 565 P.2d 1289 (App. 1977); *Arizona Board of Osteopathic Examiners in Medicine & Surgery v. Ferris*, 20 Ariz.App. 535, 514 P.2d 288 (1973), or to inquire whether the record contains evidence of a substantial nature to support the decision. *Welsh v. Arizona State Board of Accountancy*, 14 Ariz.App. 432, 484 P.2d 201 (1971).

Under the Federal Act, a claim for trade readjustment allowances is to be measured against the provisions of state law under which an adversely affected worker is entitled to unemployment insurance. 19 U.S.C.A. Sec. 2294. Appellee's claim for benefits arises under 19 U.S.C.A. Sec. 2292(b):

"Any adversely affected worker who is entitled to trade readjustment allowances and who is undergoing training approved by the Secretary, including on-the-job training, shall receive for each week in which he is undergoing any such training, a trade readjustment allowance . . ."

19 U.S.C.A. Sec. 2293 provides that trade readjustment allowances shall not be made

for more than 52 weeks.[1] Under authority granted by the Trade Act, the Secretary of Labor has promulgated regulations to implement the authority under 19 U.S.C.A. Sec. 2296(a) dealing with the approval of training. 29 C.F.R. Sec. 91.17(d) states:

"If suitable employment is not otherwise available and the worker's employability would be improved thereby, the worker may be selected or referred to training as provided in §§ 91.18, 91.19, 91.20 or 91.21."

Under 29 C.F.R. Sec. 91.51(c);

"In making determinations or redeterminations under this section, or in reviewing such determinations or redeterminations under § 91.52 a State agency, a hearing officer, or a court shall apply the regulations in this Part 91 and the substantive provisions of the Act. As to matters not otherwise specifically provided for in these regulations or the Act, a State agency, a hearing officer, or a court may apply the applicable State law and regulations thereunder, including procedural requirements of such State law or regulations, except so far as such State law or regulations are inconsistent with this Part 91 or the Act or the purposes of this Part 91 or the Act."

 The Arizona Department of Economic Security has promulgated its own rules to determine eligibility for the approval of a training program. Under Benefit Policy Rule R6–3–1809(A)(e):

"The training objective must be attainable within a 52 week period, and the training must require a minimum of 12 semester credit hours and result in a training certificate from an academic institution, or the training must require a minimum of 20 hours per week or supervised participation at a non-academic training facility."

Benefit Policy Rule R6–3–5440(C) states:

"Approved training under A.R.S. Sec. 23–771.01 is not limited to vocational

---

1. The act also provides that payment can be made for an additional 26 weeks under certain conditions. The statute states that in no case can the worker be paid for more than 78 weeks.

training, but may include academic courses which must be taken in conjunction with occupational training. Before approval of a course of training, the claimant's vocational objective must be realistically and clearly defined, and must be attainable within a 52-week period."

Since the Arizona Department of Economic Security is the administrative agency of the state empowered to make determinations regarding the eligibility of claimants for trade readjustment training benefits, its regulations promulgated under A.R.S. Sec. 46–134 are to be applied as long as they conform to the purposes of the Federal Act.

■ We believe the appeal tribunal was justified in concluding that appellee could not possibly complete his retraining, that is obtain a degree in mechanical engineering, in the 52-week period or even in the extended period of 78 weeks of trade readjustment allowance benefits. Appellee was the only one who testified at the appeal tribunal hearing. He testified that he started attending school on January 19, 1978, had attended the spring semester as a full-time student and that he was, at the time of the hearing, attending summer school. Based on units earned previously, he was admitted to the university as a sophomore, with a mechanical engineering degree requirement of 135 units. He testified that he had 31 earned university credits and 18 transferable junior college credits, and that at the time of the hearing, had completed 18 additional units through the spring semester and the first summer session, putting him about halfway through his bachelor's degree program. In actual course work at the university, then, he had completed 18 units in one full semester and one-half of the summer. While appellee was not able to state how long it would take him to complete his degree, the inference is that it would take longer than an additional one and one-half years of academic work.

We believe the decision of the tribunal was not arbitrary or capricious and was supported by the law and the evidence presented at the hearing. The trial court therefore erred in disturbing the tribunal's decision.

The order of the superior court is vacated with directions to affirm the decision of the Department of Economic Security.

HATHAWAY, C. J., and RICHMOND, J., concur.