Commonwealth of Pennsylvania, Department of Transportation, Bureau of Traffic Safety, Appellant *v.* Thomas Hanes, Appellee.

Argued February 4, 1980, before Judges CRUM-LISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Harold H. Cramer,* Assistant Attorney General, with him, *Robert W. Cunliffe,* Deputy Attorney General and *Edward G. Biester, Jr.,* Attorney General, for appellant.

No appearance for appellee.

OPINION BY JUDGE WILKINSON, JR., February 22, 1980:

The Department of Transportation (Department) appeals from an order of the Court of Common Pleas of Elk County reversing the Department's suspension of the motor vehicle operator's license of appellee pursuant to Section 1547(b) of the Vehicle Code (Code), 75 Pa. C.S. §1547(b), for refusing to submit to a breathalyzer test.

This Court has frequently enunciated the rule that in order to sustain a suspension for refusal to submit to a chemical test of breath or blood, the Department must prove that a driver was placed under arrest upon the charge of driving while intoxicated, was requested to submit to a breathalyzer test, and refused to do so. *See Department of Transportation, Bureau of Traffic Safety v. Tantlinger,* 29 Pa. Commonwealth Ct. 536, 371 A.2d 1037 (1977). In the instant case the parties stipulated at the hearing before the court below that appellee was arrested and that the arresting officer had reasonable grounds to believe appellee was driving under the influence of alcohol. After the arrest appellee agreed to submit to a breathalyzer test and was driven to the state police barracks for the test. The arresting officer informed appellee that his refusal to take the test would result in a suspension of his license.

The testimony presented at the hearing before the court below conflicted as to the degree of effort appellee exerted in "blowing" his breath into the instrument. The arresting officer testified that appellee gave two or three short breaths, that the state police trooper administering the test advised appellee he would have to blow harder as he had not given an ample amount of breath, and that appellee answered that he had given his breath and did not want to blow into it anymore. The state police trooper, who had been sequestered during the testimony of the officer, testified that appellee gave two very slight puffs of breath and that after appellee had been advised that he would have to supply a sufficient sample of breath to the instrument, appellee refused to blow into the machine again. Appellee testified that he blew into the instrument to the best of his ability, that he could blow no more and that he refused to attempt a third time. Subsequently the Department

suspended appellee's motor vehicle operating privileges for a period of six months. In its discussion of the case the court below assumed that appellee had not exerted a total conscious effort but, reading Section 1547(g) of the Code, 75 Pa. C.S. §1547(g), and relying on *Jones License,* 2 Pa. D. & C. 3d 351 (1977), reasoned that if for *any reason* a person is physically unable to supply enough breath to complete a chemical test the police must offer a blood test, and voided the suspension of appellee's motor vehicle operating privileges.

A simple declaration by a driver that he is physically unable to perform a chemical test, absent supportive medical proof of his incapacity, will not justify a refusal. *Department of Transportation, Bureau of Traffic Safety v. Kelly,* 18 Pa. Commonwealth Ct. 490, 335 A.2d 882 (1975). Acquiescing to the test and then refusing to supply sufficient breath for the test to be conducted is tantamount to a refusal to submit. *Department of Transportation, Bureau of Traffic Safety v. Medalis,* 24 Pa. Commonwealth Ct. 12, 354 A.2d 43 (1976). At the time that the lower court issued its order in the instant case, it was without the benefit of the reasoning of this Court in its reversal of *Jones License, supra,* as found in *Department of Transportation, Bureau of Traffice Safety v. Jones,* 38 Pa. Commonwealth Ct. 400, 395 A.2d 592 (1978). In that case this Court concluded that the driver's testimony that she attempted to blow into the machine as best she could was not legally sufficient, given the testimony of the breathalyzer operator, to avoid the burden placed upon her by *Medalis, supra* and *Kelly, supra, i.e.* to produce evidence that she was physically unable to take the test. In the similarly patterned instant case, we must conclude that the lower court's determination that the Department failed to sustain its burden of proving appellee's refusal was in error.

Accordingly, we will enter the following

ORDER

AND Now, February 22, 1980, the order of the Court of Common Pleas of Elk County, docketed at Civil Action—Law No. 78-424, dated August 25, 1978, sustaining the appeal of Thomas Hanes, is reversed and the suspension entered by the Department of Transportation is reinstated.

President Judge BOWMAN did not participate in the decision in this case.