731 P.2d 130
**In the Matter of the GUARDIANSHIP OF Ruth Ryan REYES, An Incapacitated Person.**

**No. 2 CA–CV 5759.**

Court of Appeals of Arizona, Division 2, Department B.

Dec. 31, 1986.

Roy A. Mendoza, Pinal Co. Atty. by Wendy Rudman, Florence, for appellee.

**236**

Clemans & Brune by Michael J. Brune, Casa Grande, for appellant.

## OPINION

LIVERMORE, Presiding Judge.

In this proceeding appellant attacks the Arizona guardianship laws as unconstitutional on the grounds that the burden of proof is by a preponderance of the evidence rather than by clear and convincing evidence, that the definition of "incapacitated person" is vague and overbroad, and that the powers of a guardian are overbroad. Although none of these issues was raised below, we will address them because they are of statewide concern. *Barsema v. Susong*, Ariz., (2 CA–CV 5794, filed October 9, 1986).

 The appointment of a guardian often involves significant loss of liberty similar to that present in an involuntary civil commitment for treatment of mental illness where constitutionally proof must be by clear and convincing evidence. *Addington v. Texas*, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979). In this case, for example, the guardian required that Mrs. Reyes live in a nursing home rather than with her husband at home. This consequence, together with the stigma associated with a judicial finding of incompetence, persuade us that proof of the need for appointment of a guardian must constitutionally be by clear and convincing evidence. See *In re Boyer*, 636 P.2d 1085 (Utah 1981).

 The argument that the definition of an "incapacitated person" in A.R.S. § 14–5101 as one who "lacks sufficient understanding or capacity to make or communicate responsible decisions concerning his person" is vague or overbroad is premised on the absence of precise standards to govern the fact-finder. In order to avoid any constitutional danger, we adopt the construction of those words by the Utah Supreme Court in *In re Boyer:*

> "[D]etermination that an adult cannot make 'responsible decisions concerning his person' and is therefore incompetent, may be made only if the putative ward's

decisionmaking process is so impaired that he is unable to care for his personal safety or unable to attend to and provide for such necessities as food, shelter, clothing, and medical care, without which physical injury or illness may occur." 636 P.2d at 1089.

 Appellant's final argument is that A.R.S. § 14–5312, listing the powers of the guardian, is overbroad because it grants powers that may be unnecessary in any given case. Because the statute by its terms permits these powers to be modified by the trial court and because no request for modification was made in this case, we reject the argument.

The matter is remanded for a determination whether the evidence presented at the hearing met the standards adopted in this opinion.

HOWARD and LACAGNINA, JJ., concur.