754 P.2d 315

**Ernest J. GEER, Petitioner/Appellant,**

**v.**

**William A. ORDWAY, Superintendent, Motor Vehicle Division, Arizona Department of Transportation, and Sam Cockerham and Richard Raymond, Hearing Officers, Motor Vehicle Division, Arizona Department of Transportation, Respondents/Appellees.**

No. 2 CA–CV 87–0201.

Court of Appeals of Arizona,
Division 2, Department B.

Dec. 17, 1987.

Review Denied May 24, 1988.

D. Jesse Smith, Tucson, for petitioner/appellant.

Robert K. Corbin, Atty. Gen. by Leonardo Ruiz, Phoenix, for respondents/appellees.

## OPINION

FERNANDEZ, Judge.

Appellant appeals from the denial of a petition for review of the one-year suspension of his driver's license because of his refusal to take a breath test pursuant to the implied consent law, A.R.S. § 28–691.

Appellant was arrested for suspicion of DUI and was taken to the Pima County Jail so that an intoxilyzer test could be administered to him. The officer read the appellant the implied consent admonitions with regard to the consequences of refusal. Appellant had offered to take the test prior to the time it was offered to him. His offer was made to the arresting officer who was not qualified to administer the intoxilyzer test. There was a subsequent 10 to 15 minute delay before the arrival of an officer who was qualified to administer the test. During the wait, appellant became upset. The second officer asked appellant at least eleven times if he would take the test. Appellant continually responded with questions, irrelevant remarks and comments that he was diabetic, sick and confused. He was told that unless he agreed to take the test, he would be treated as refusing it. Finally, when appellant asked for a drink of water, the officer concluded

that appellant was refusing the test and turned off the tape recorder which had recorded the conversation.

The hearing officer heard the tape and testimony of the officers and concluded that appellant's conduct constituted a refusal. The superior court affirmed.

On appeal, appellant contends that 1) due process requires proof by clear and convincing evidence, 2) he was entitled to a jury trial before his license could be suspended, and 3) there was insufficient evidence to support the finding that appellant refused to take the test. We find no reversible error and affirm.

## STANDARD OF PROOF

On review of an administrative decision, the reviewing court must uphold the decision if there is substantial evidence in the record to support it. *Klomp v. Arizona Department of Economic Security*, 125 Ariz. 556, 611 P.2d 560 (App.1980); *Sundown Imports, Inc. v. Arizona Department of Transportation, Motor Vehicle Division*, 115 Ariz. 428, 565 P.2d 1289 (App.1977). Appellant claims that the standard of proof in implied consent proceedings should be by clear and convincing evidence. We disagree because implied consent proceedings are civil in nature. At the administrative hearing, respondent must prove the factual basis for suspension by a preponderance of the evidence. *Smith v. Arizona Department of Transportation*, 146 Ariz. 430, 706 P.2d 756 (App.1985); *Willis v. State*, 145 Ariz. 302, 701 P.2d 10 (App.1985).

The cases cited by appellant in support of his contention involve the deprivation of a fundamental liberty interest. In *Addington v. Texas*, 441 U.S. 418, 99 S.Ct. 1804, 60 L.Ed.2d 323 (1979), the standard of proof in question concerned involuntary commitment of a mentally ill person. In *Santosky v. Kramer*, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1982), the termination of parental rights for permanent neglect of the children was in issue. And in *In re Guardianship of Reyes*, 152 Ariz. 235, 731 P.2d 130 (App.1986), the issue involved was the appointment of a guardian for a mentally

incapacitated person. No such comparable fundamental liberty interest is involved in the suspension of a driver's license.

## RIGHT TO JURY TRIAL

Appellant contends he was entitled to a jury trial because of the "grave consequences" involved in the suspension of his driver's license. This court, in construing a former version of the implied consent statute, held that a motorist is not entitled to a jury trial when he appeals a suspension to the superior court. *Campbell v. Superior Court in and for Gila County*, 12 Ariz. App. 398, 470 P.2d 718 (1970). Appellant argues that *Rothweiler v. Superior Court of Pima County*, 100 Ariz. 37, 410 P.2d 479 (1966), supports his claim of right to a jury trial. We disagree. *Rothweiler* involved a criminal proceeding, not a civil proceeding. Suspension of the defendant's driver's license, if it had been ordered in that case, would have been as an additional penalty for the criminal conviction, not as a civil sanction as the result of an administrative proceeding. Appellee has no authority to imprison appellant or to fine him. There is no right to a jury trial in the appeal from an administrative license suspension.

## SUFFICIENCY OF EVIDENCE

Lastly, appellant argues that under the totality of the circumstances, his conduct did not amount to a refusal. In *Campbell v. Superior Court in and for Maricopa County*, 106 Ariz. 542, 479 P.2d 685 (1971), a refusal was defined as follows: "[A] refusal to submit to the test occurs where the conduct of the arrested motorist is such that a reasonable person in the officer's position would be justified in believing that such motorist was capable of refusal and manifested an unwillingness to submit to the test." 106 Ariz. at 553, 479 P.2d at 696.

It is clear from the record that appellant was repeatedly asked to take the test, that he was advised in accordance with Arizona law, and that he never submitted to a test.

See *Willis v. State*, supra. There is ample evidence to support the finding of refusal.

Affirmed.

LIVERMORE, P.J., and ROLL, J., concur.