544 A.2d 80

Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing, Appellant *v.* Alex E. Harper, Jr., Appellee.

Submitted on briefs February 23, 1988, to Judges
DOYLE and BARRY, and Senior Judge NARICK, sitting as a
panel of three.

*Donald H. Poorman,* Assistant Counsel, with him,
*Harold H. Cramer,* Assistant Chief Counsel, *John L.
Heaton,* Chief Counsel, for appellant.

*Robert N. Dellavella,* for appellee.

OPINION BY JUDGE BARRY, June 27, 1988:

The Department of Transportation, Bureau of
Driver Licensing (DOT) appeals an order of the Court
of Common Pleas of Philadelphia County which sus-
tained an appeal of Alex E. Harper and reversed a one
year suspension of Harper's operating privileges im-
posed by DOT pursuant to 75 Pa. C. S. §1547.

Harper was arrested and charged with driving while
intoxicated. The arresting officer took Harper to the Po-
lice Department Administration Building in order to

give him a breathalyzer test. The breathalyzer operator testified that Harper put the mouthpiece of the testing device in his mouth but simply sat there, refusing to blow. The operator also testified that he informed Harper of the consequences of refusing the test and told him on three or four occasions to blow into the machine. Harper refused to do so; the officer considered Harper's actions a refusal.

Harper, on the other hand, testified that the officer told him to blow into the machine until he was told to stop. Harper said he began to blow into the machine but ran out of breath before the testing officer told him to stop. According to Harper, the officer then informed him that he had failed the test. Harper was afforded no other opportunities to supply sufficient breath to register a reading on the machine. Harper also testified that he was not informed of the consequences of a refusal.

Faced with this conflicting testimony, the trial court specifically found Harper's testimony credible and held that he had never refused to take the test. The court therefore sustained Harper's appeal and reversed DOT's suspension of Harper's license. DOT has appealed the trial court's order to this Court.

DOT argues that the trial court committed an error of law in considering the testimony of Harper concerning his attempt to provide sufficient breath. DOT relies upon the line of cases, of which *Department of Transportation, Bureau of Driver Licensing v. Norton,* 103 Pa. Commonwealth Ct. 78, 519 A.2d 1085 (1987), is illustrative. In those cases, we have held that when a driver claims that he or she was incapable of either taking the test or consciously refusing to do so, that driver must present medical testimony to support the assertion of incapability. We believe, however, that the present case is distinguishable. Here, Harper is not claiming he was incapable of performing the test; he

testified that he attempted to do as he was told by the officer but that he ran out of breath before the officer told him to stop blowing.

In *Department of Transportation, Bureau of Traffic Safety v. Jones,* 38 Pa. Commonwealth Ct. 400, 395 A.2d 592 (1978), we reversed a trial court's order sustaining the driver's appeal. Because the facts are crucial, quotation from that opinion is necessary.

> The Department's witness testified as follows: Appellee agreed to submit to any test which was requested of her. She thereupon attempted to blow into the tube attached to the machine. Although she supplied 'healthy blasts,' the machine did not register a reading since Appellee apparently was blowing air out of the sides of her mouth. Despite repeated attempts to blow air into the machine, including at least one attempt to blow into the tube after the mouthpiece had been removed, she continued to blow air out of the sides of her mouth. This inability to master the correct technique persisted even though the examiner instructed Appellee several times on the proper method. The most success achieved by Appellee was to exhale enough air so as to cause the formation of some condensation in the upper portion of the tube. As a consequence, the testing was abandoned. Appellee, on the other hand, testified that she made a good faith attempt to blow into the breathalyzer machine.

*Id.* at 402-03, 395 A.2d at 593-94. We held that the driver's testimony concerning her good faith attempt to provide sufficient breath was insufficient to meet her burden, *given the machine operator's testimony.*

In the present case, the trial court specifically refused to credit the machine operator's testimony that repeated attempts were made by Harper; rather, the

court believed Harper's testimony that he was given but one opportunity to provide sufficient breath. The issue concerning the necessity of medical evidence is never reached unless we decide that *one, and only one unsuccessful attempt to take the test in all cases* can be considered a refusal by the police and DOT. We can find no case which so holds and refuse to do so for the first time here. Such a rule would mean that a driver who is found not to understand the operator's instructions and was unsuccessful in providing breath could have his license suspended unless he could introduce medical evidence that the failure was because of physical problems. Accordingly, the order of the trial court here must be affirmed. *Cf. Department of Transportation, Bureau of Driver Licensing v. Marion,* 109 Pa. Commonwealth Ct. 299, 530 A.2d 1053 (1987) (general rule that competency of machine operator is not relevant where the driver did not take test or exert a total conscious effort is not applicable where trial court finds as a fact that driver did make a total conscious effort to take the test).

Affirmed.

### ORDER

Now, June 27, 1988, the order of the Court of Common Pleas of Philadelphia, dated March 26, 1987, at No. 3581 October Term, 1986, is affirmed.

Judge DOYLE concurs in the result only.