885 P.2d 1125

**Edward N. HARRIS, Petitioner/Appellant,**

v.

**Tom SCHMITT, Acting Director, Department of Motor Vehicles, Respondent/Appellee.**

No. 2 CA–CV 94–0187.

Court of Appeals of Arizona, Division 2, Department B.

Nov. 29, 1994.

Shaver & Jackson, P.C. by Ernest E. Shaver, Phoenix, for petitioner/appellant.

Grant Woods, Atty. Gen. by Allan R. Gutkin, Phoenix, for respondent/appellee.

## OPINION

ESPINOSA, Presiding Judge.

Following a Department of Motor Vehicles (DMV) hearing, the administrative hearing officer found that police had reasonable grounds to believe that appellant Edward N. Harris had been driving while under the influence of intoxicating liquor or drugs and that he had refused to submit to or failed to provide a urine sample as requested. Consequently, the hearing officer suspended Harris's driving license pursuant to A.R.S. § 28–691. Harris filed suit in Maricopa County Superior Court seeking judicial review under the Administrative Review Act. A.R.S. §§ 12–901 through 12–914. The superior court affirmed that decision and vacated its previous order staying the suspension. This appeal followed.

Harris contends there was insufficient evidence that he refused to provide a urine sample and that, instead, he was physically unable to do so. He argues that the hearing officer first erred when she shifted to him the burden of showing that he was unable, as opposed to unwilling, to provide a urine sam-

ple. He also claims that the hearing officer's findings cannot be correct in light of a letter he submitted by a psychiatrist he had consulted after this incident who had attributed the inability to urinate to a panic disorder.

The decision of an administrative agency such as DMV will not be disturbed unless it was arbitrary, capricious, or an abuse of discretion. *Klomp v. Arizona Department of Economic Security*, 125 Ariz. 556, 611 P.2d 560 (App.1980). If the administrative decision is supported by competent evidence, we will not disturb it, and in reviewing that decision, we will not substitute our judgment for that of the agency. *Sherrill v. Department of Transportation*, 165 Ariz. 495, 799 P.2d 836 (1990); *Ontiveros v. Arizona Department of Transportation*, 151 Ariz. 542, 729 P.2d 346 (App.1986).

No impermissible burden shifting occurred, and there is ample evidence to support the suspension. DMV was required to show by a preponderance of the evidence that Harris refused to comply with the implied consent law. *Sherrill; Geer v. Ordway*, 156 Ariz. 588, 754 P.2d 315 (App.1987). A refusal occurs when "the conduct of the arrested motorist is such that a reasonable person in the officer's position would be justified in believing that such motorist was capable of refusal and manifested an unwillingness to submit to the test." *Campbell v. Superior Court*, 106 Ariz. 542, 553, 479 P.2d 685, 696 (1971).

DMV presented evidence through the officers negating Harris's claim that he could not urinate. The officers testified as to what took place that evening and early morning, why Harris was stopped, how he appeared, why they believed he was under the influence of a stimulant, and, finally, why they believed he refused to provide a urine sample. Specifically, Officer Jex stated that (1) after administering certain tests, including pulse and blood pressure, and observing Harris's nasal passageways and his mouth, he believed Harris was under the influence of a stimulant; (2) a stimulant, unlike a narcotic, is more likely to promote rather than inhibit urination; (3) he read Harris the implied consent form, and beginning at 1:10 a.m. and ending at 2:36, he gave Harris six opportunities to provide a urine sample, giving him six glasses of water and a soda. This evidence supports the finding of refusal. *Cf. Geer* (evidence that petitioner was repeatedly asked to take breathalyzer and never submitted to it supported finding of refusal). After this evidence was presented, it was incumbent upon Harris to show that he had not refused but was physically unable to urinate. *See Wolle v. Commissioner of Public Safety*, 413 N.W.2d 258 (Minn.App.1987); *Department of Transportation v. Romero*, 106 N.M. 657, 748 P.2d 30 (App.1987); *Commonwealth Department of Transportation v. Medalis*, 24 Pa. Commw. 12, 354 A.2d 43 (1976).

Nor was the hearing officer required to accept the psychiatrist's opinion. *See White v. South Carolina Department of Highways*, 278 S.C. 603, 299 S.E.2d 852 (1983); *Medalis, supra*. The letter was brief, based on nothing more than two consultations, one in April, two months after the incident, and the other in May. The psychiatrist did not testify so he was not subject to examination by the hearing officer or anyone else. The hearing officer questioned Harris's credibility and concluded that he had practiced "gamesmanship throughout the entire episode in an obvious attempt to avoid the consequences of the law." Harris had stated that he was tired, yet he appeared agitated and awake. He failed to cooperate with the officer in conducting field sobriety tests. Finally, the officer testified about the effects of a stimulant on urination and the amount of fluids Harris had drunk. Given the evidence, the hearing officer could reasonably reject the psychiatrist's explanation and conclude that Harris had refused to provide a urine sample.

We also reject Harris's claim that because Officer Jex was not certified to administer drug recognition tests when Harris was arrested, he was not competent to determine that there was a reasonable basis for believing Harris was under the influence of drugs. Officer Jex testified that he was in training at the time and that his supervisor was present during the testing and concurred with Jex's conclusion. The hearing officer could properly consider any such hearsay. *Wieseler v. Prins*, 167 Ariz. 223, 805 P.2d 1044 (1990). Moreover, under these circum-

stances, in which Officer Jex testified about his prior experience and his supervisor was present and concurred in his assessment, any issue about Jex's testimony could only relate to its weight, not its admissibility. We will not interfere with the hearing officer's crediting the officer's testimony as she did.

The judgment of the superior court affirming the decision of the DMV hearing officer is affirmed.

DRUKE, C.J., and LIVERMORE, J., concur.