David A. TODD

v.

**COMMONWEALTH of Pennsylvania, DE- PARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Sept. 10, 1997.
Decided Nov. 7, 1997.

Harold H. Cramer, Asst. Chief Counsel, King of Prussia, for appellant.

Lance J. Nelson, West Chester, for appellee.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

KELLEY, Judge.

The Department of Transportation, Bureau of Driver Licensing (DOT) appeals from an order of the Court of Common Pleas of Delaware County (trial court) which sustained the statutory appeal of appellee, David A. Todd, and rescinded the suspension of Todd's operating privilege. We affirm.

On or about March 30, 1995, DOT notified Todd that his operating privilege would be suspended for one-year pursuant to section 1547 of the Vehicle Code.[1] Consequently, Todd filed a statutory appeal with the trial court. Following a *de novo* hearing, the trial court found, as fact, the following:

> There is no dispute concerning the facts of this case. The Petitioner's vehicle was stopped by the Marple Township Police Department for speeding. (N.T. 2/13/95, p. 6). Upon speaking to the Petitioner, Officer Barnes detected a strong odor of alcoholic beverage on his breath, his eyes were bloodshot and glassy and he was unsteady on his feet. (N.T. 12/13/95 p. 7–8). Officer Barnes placed the Petitioner under arrest for driving under the influence. (N.T. 12/13/95, p. 8). The Petitioner was transported to the Haverford Township Police station for the purpose of obtaining a breath test. (N.T. 12/13/95, p. 8).
>
> Officer Barnes and the Petitioner arrived at the Haverford Township Police Station and the Petitioner was taken into a room where his blood-alcohol content could be ascertained. (N.T. 12/13/95, p. 8). The Petitioner agreed to submit to a test. (N.T. 12/13/95, p. 9). As Petitioner blew into the breathalyzer machine, there was an insufficient amount of air getting into the instrument. (N.T. 12/13/95, p. 10). Consequently, there was not a sufficient breath sample. (N.T. 12/13/95, p. 11). Officer Barnes informed the Petitioner that he had to provide a sufficient breath sample. (N.T. 12/13/95, p. 12). Petitioner attempted the breath test two more times, but both times the result was the same because an inadequate amount of air was provided for the instrument to record the Petitioner's blood alcohol content. (N.T. 12/13/95, p. 13). After the third unsuccessful attempt to provide a sufficient sample of his breath, Officer Barnes declared a refusal by the Petitioner, and thus, Officer Barnes told the Petitioner to stop. (N.T. 12/13/95, p. 14).
>
> The instrument used to measure the Petitioner's blood alcohol content allows the officer administering the test to provide a three-minute time period to record one's blood alcohol content. Officer Barnes conceded that he did not grant the Petitioner the full three minutes. (N.T. 12/13/95, p. 14). Officer Barnes testified that there was approximately 30 seconds remaining in the three minute period when he declared a refusal.... At no time during this process did the Petitioner refuse to submit to the breath test. (N.T. 12/13/95, p. 19). Rather, Officer Barnes terminated the test period and would not allow the Petitioner to blow any further. (N.T. 12/13/95, p. 14).

(Opinion of Jenkins, J., March 21, 1996, p. 2–4).[2]

Based on these facts, the trial court sustained Todd's appeal and ordered that his operating privilege be reinstated. This appeal by DOT followed.

■ Our scope of review from a decision of a trial court in a license suspension case is limited to a determination of whether the factual findings of the trial court are supported by competent evidence and whether the trial court committed an error of law or an abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Scott*, 546 Pa. 241, 247, 684 A.2d 539, 542 (1996). Questions of credibility and conflicts in the evidence presented are for the trial court to resolve. *Department of Transportation, Bureau of Driver Licensing v. Ingram*, 538 Pa. 236, 252, 648 A.2d 285, 293 (1994). If there is sufficient evidence in the record to

---

1. 75 Pa.C.S. § 1547. Section 1547(b) provides for the suspension of a driver's operating privilege for a period of one year upon the refusal to submit to chemical testing to determine blood-alcohol content.

2. Review of the record discloses that the last name of the arresting police officer is Barmes, rather than Barnes as stated in the trial court's opinion.

support the findings of the trial court we must pay proper deference to it as fact finder and affirm. *Id.*

 In order to sustain a license suspension under section 1547(b) of the Vehicle Code, DOT must prove that the licensee (1) was arrested for driving under the influence of alcohol; (2) was asked to submit to a chemical test; (3) refused to do so; and (4) was specifically warned that a refusal would result in the revocation of his vehicle operating privilege. *Ingram,* 538 Pa. at 252, 648 A.2d at 293 (citing *Department of Transportation, Bureau of Traffic Safety v. O'Connell,* 521 Pa. 242, 248, 555 A.2d 873, 876 (1989)). Once DOT meets its burden, it is the licensee's responsibility to prove that he was not capable of making a knowing and conscious refusal to take the chemical test. *Id.*

 "Whether a licensee's conduct, as found by the trial court, constitutes a refusal is a question of law." *Zerbe v. Department of Transportation, Bureau of Driver Licensing,* 676 A.2d 294, 296 (Pa.Cmwlth.1996). "It is well-settled that anything substantially less than an unqualified, unequivocal assent to a breath test constitutes a refusal pursuant to Section 1547." *Flickinger v. Department of Transportation,* 119 Pa.Cmwlth. 315, 547 A.2d 476, 477 (1988), citing *Department of Transportation, Bureau of Traffic Safety v. Mumma,* 79 Pa.Cmwlth. 108, 468 A.2d 891 (1983). As such, "[t]his Court has interpreted Section 1547 of the Code to require that the licensee not only submit to or take the test, but also that he complete it." *Murray v. Commonwealth,* 143 Pa.Cmwlth. 358, 598 A.2d 1356, 1358 (1991), citing *Department of Transportation, Bureau of Traffic Safety v. Jones,* 38 Pa.Cmwlth. 400, 395 A.2d 592 (1978). A licensee must be given a full, fair and reasonable opportunity to complete a breathalyzer test. This court has implicitly so held in *Department of Transportation, Bureau of Driver Licensing v. Harper,* 117 Pa.Cmwlth. 316, 544 A.2d 80 (1988), wherein we rejected the argument "that *one, and only one unsuccessful attempt to take the test in all cases* can be considered a refusal by the police and DOT." *Id.* 544 A.2d at 82 (emphasis in original). The *Harper* Court expressed concern that a single unsuccessful

attempt to complete a breathalyzer test might have resulted from a failure to understand the operator's instructions, rather than from a failure to make a total conscious effort to complete the test.

 With these principles in mind, we turn to the issue raised on appeal. Herein, this court is asked to decide whether the failure to provide adequate breath samples to complete a breathalyzer test constitutes a refusal to submit to the test where a police officer terminates the testing procedure prior to the completion of the full three (3) minute testing cycle of the breathalyzer machine.

In the present matter, the trial court, as fact finder and determiner of credibility, found that it was the police officer, not the licensee, that terminated the test. As a result, the trial court found that Todd did not refuse to submit to the breathalyzer test. These findings are supported by competent evidence as the police officer testified that he stopped the breathalyzer test before the three minute testing cycle was completed and would not allow Todd to blow any further. *See* Reproduced Record (R.) at 22a; 26a–27a.

Because there is sufficient evidence in the record to support the findings of the trial court we must pay proper deference to it as fact finder and affirm. *Ingram.* Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 7th day of November, 1997, the order of the Court of Common Pleas of Delaware County, dated December 13, 1995, at No. 95–5139, is affirmed.

PELLEGRINI, Judge, dissenting.

I respectfully dissent because the majority is changing the legal standard of a full, fair and reasonable opportunity from one that looks at the opportunity a licensee was given to one that is determined by the recycle time of a machine.

Apparently the breathalyzer machine in this case operates in three-minute cycles during which time any number of tests can be conducted, but at the end of three minutes, the machine needs to be recycled. Licensee

here was given three opportunities to provide sufficient breath samples but failed each time to provide a sufficient sample. With about 30 seconds left in the cycle, because he had failed to successfully complete the test three times, the police officer determined that he had refused the test and PennDot suspended his license.

Nonetheless, both the trial court and the majority reinstate his license because Licensee was not given the full three minutes that the machine was operable prior to the time it needed to be recycled. While such a standard may be appropriate for a television game show, it has never been the standard that we have used to determine when a person has refused to take the test. Unless there were valid medical reasons unrelated to his drinking that he could not perform, we have used the simple bright-line standard that a "licensee's failure to supply a sufficient breath sample is a *per se* refusal." *Department of Transportation, Bureau of Driver Licensing v. Beatty,* 143 Pa.Cmwlth. 272, 598 A.2d 1069, 1070 (1991). *See also Department of Transportation, Bureau of Driver Licensing v. Lohner,* 155 Pa.Cmwlth. 185, 624 A.2d 792, 794 (1993). Because the machine and not the circumstances now determines what is a reasonable opportunity to complete the test, if the police were to use a breathalyzer machine that needed recycled every 30 minutes instead of three, under the majority's holding, the police officer would be required to wait until the entire 30 minutes passed before marking a refusal as long as the licensee huffed and puffed away.

Because the opportunity to take the test three times, each time failing to supply a sufficient breath sample, is more than a full, fair and reasonable opportunity to complete the test, I dissent and would reverse the order of the trial court and reinstate Penn-Dot's suspension of Licensee's driving privileges.

DOYLE and McGINLEY, JJ., join in this dissenting opinion.